## STANDARD MOTOR CAR CO. v. ST. AMANT.

### No. 873.

Court of Appeal of Louisiana. First Circuit.

Dec. 8, 1931.

For former judgment, see 134 So. 279.

**462**

J. Y. Sanders, Jr., of Baton Rouge, for appellant.

C. V. St. Amant, of Donaldsonville, for appellee.

LE BLANC, J.

■■ We find the case to be properly stated in the original opinion heretofore handed down, and it is unnecessary to here restate it. 134 So. 279. We find also that we correctly stated what we construe the law to be with reference to the implied warranty that follows the sale of a secondhand automobile, and that in a suit of this nature the court may decree merely a reduction of the price instead of an avoidance of the sale. We find, however, on further consideration, that we did not make a proper application of the law to the facts as we now view them, particularly with reference to lack of formal and serious complaint on the part of the defendant about the (according to him) almost utterly worthless condition of the automobile which developed two weeks after the sale, his continued use of it under the circumstances, his payment of his notes as they matured for six months, and, finally, his letter written to plaintiff seven months after the sale, which, instead of being a protest against further payments, can hardly be construed into anything else than an excuse for his delay in making remittance and a request for further extension.

Dr. St. Amant states in his testimony on direct examination that "some time in December or January," meaning December, 1927, or January, 1928, he "quit using the car altogether." The automobile, as we recall by reference to the original opinion, was purchased June 22, 1927, six or seven months before he claims to have stopped using it altogether. In face of this testimony given by him, we nevertheless find him writing a letter to the plaintiff on January 27, 1928, which, because of its persuasive proof that he must have been mistaken as to the time he claims to have given the car up, we reproduce in full:

"Gonzales, La. 1/27/28
"Standard Motor Car Co., Baton Rouge, La.,
"Dear Sirs: Due to my slow collections, is the reason I'm behind with my notes; am trying to force collections since the election is over.
"Hoping this will be satisfactory,
"Yours truly,
"[Signed]  G. S. St. Amant."

The letter speaks for itself. There is certainly nothing in it to suggest in the slightest degree to the plaintiff that Dr. St. Amant was in any way dissatisfied with his purchase. To the contrary, it expresses an almost direct intention on his part to go on making his payments. If it be conceded that his alleged complaints had been transmitted

to the plaintiff, would it not have been reasonable for the latter to assume that whatever trouble the car was giving had been remedied and that everything was now all right?

It is difficult to believe that a business or professional man, especially a country doctor, who is almost in constant need of his car, would go on paying note after note on the purchase price of an automobile and then excuse himself for a delayed payment, if the car was in the condition Dr. St. Amant and his witnesses would have it appear that this car was. It is difficult to reconcile his actions with his testimony. We take Dr. St. Amant's word for it, when he says that he did have some trouble with the car, but, to use the language of the Supreme Court in the case of Templeman Bros. Lumber Co. v. Fairbanks, Morse & Co., 129 La. 983, 57 So. 309, which resembles this case in many of its features, his testimony "must be read in the light of his present dissatisfaction, or, in other words, as exaggerating or aggravating more or less conditions which did not at the time impress him in the same way." In that case, it is observed, the seller had knowledge of the defective machinery sold, and was given every opportunity to remedy it, having sent two of their expert mechanics to work on it, both having remained several weeks trying to make the engine develop the horse power it was represented as having when sold. And yet the Supreme Court held that, as the purchasers had gone on and used the engine for more than a year, during which time they paid several installments, it was too late for them to offer to return it. As in this case, it appears that there had been some complaints made to the local salesman of the dealer, but the court held that complaints so made could not be made to take the place of a formal putting in default. In the case before us, not only was the seller never given a chance to remedy whatever trouble there may have been with the automobile, but he never had any formal notice from the buyer that there was any trouble at all until the matter had been placed in the hands of lawyers for attention and they had written defendant a letter to that effect. This, as appears from the correspondence, was just a few days prior to the filing of this suit.

It is true that in the case of Templeman Bros. Lumber Co. v. Fairbanks, Morse & Co., supra, the court, on rehearing, relieved the purchaser from further payments, and in effect decreed a reduction of the price, as did the lower court in this case, but that was because, as stated in the opinion, the seller was held to the full knowledge of the defects in the particular piece of machinery sold, which had been complained of. There is no evidence here by which the seller could be charged with such knowledge. On the con-

trary, the testimony is to the effect that, at the time the car was sold, it was in good running order and condition, and the purchaser was given the option, before buying, of having it examined by any mechanic of his own selection.

We have examined the cases cited by counsel for defendant, and note that several hold that, even after having made several pay-. ments on the price of the article bought, the purchaser should be relieved from the sale where there appear defects which make the thing sold so useless or its use so imperfect that it must be supposed that he would not have bought had he known of the vices. But to relieve the purchaser in this case, where the article sold was a secondhand automobile, in good running condition when it was bought and he used it, perhaps experiencing some trouble, but used it, nevertheless, for six months or more, paid his notes as they matured monthly, and even then writes a letter in which he, in effect, expresses his willingness to make further payments, would be carrying the doctrine stated in the cases cited further than it has heretofore been recognized.

We have reached the conclusion that the original opinion herein handed down was erroneous, and that the decision of the lower court should have been reversed.

For the reasons stated, it is now ordered that the judgment of the lower court which discharged the defendant from further liability for the payment of the notes herein sued on, as well as the original opinion of this court affirming the same, be, and they are both hereby, reversed, set aside, and avoided, and, it is further ordered adjudged, and decreed that there be judgment in favor of the plaintiff, Lewis Gottlieb, doing business under the name of Standard Motor Car Company, and against the defendant, G. S. St. Amant, in the sum of $216, with 8 per cent. interest per annum from January 22, 1928, and 10 per cent. on the amount of said principal and interest, as attorney's fees, and all costs of this proceeding.