FABACHER v. GHISALBERTI

(January 11, 1932. Opinion and Decree.)

J. A. Morales, of New Orleans, attorney for plaintiff, appellant.

H. W. Robinson, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Mrs. Ghisalberti, the owner of an apartment house, purchased from plaintiff at an auction conducted at its place of business, three sets of bedroom furniture, on October 23, 1930, giving her check for $212.20, in payment dated November 3, 1930, which check the bank, acting upon her instructions, refused to honor, whereupon this suit was brought.

The suit is defended upon the ground that two of the three bedroom sets were infested with bedbugs, liability for the third set being admitted. Claim is made in reconvention for $65 for one month's rent of the apartment in which the bug-infested furniture was installed, and for $9 for disinfecting the apartment and for $5 per month for storing the furniture.

The trial judge maintained defendant's position and plaintiff has appealed.

The record shows that Mrs. Ghisalberti, desiring to purchase some second-hand furniture to equip an apartment in her apartment building, visited the auction room of plaintiff, where she selected from a quantity of other merchandise the furniture which she considered suitable for her purpose. She says that the auctioneer, Edward B. Fabacher, guaranteed the beds to be clean and free from bedbugs. Mr. Fabacher denies having expressly warranted the furniture, stating that in this instance there was no departure from his usual custom in conducting such sales "as is, how is and where is." On this point we find that an express warranty has not been established by the record and the case must be otherwise considered.

The fact that the furniture was bug-infested is, however, in our opinion, sufficiently proven and we have no doubt that Mrs. Ghisalberti's story to the effect that she rented the apartment to three young ladies who discovered the presence of the bugs during the first night of their occupancy of the apartment, complained indignantly, and left the next morning, is true.

The question, therefore, is whether the presence of bedbugs in the furniture was a breach of the implied warranty of the vendor. Under our law warranty is implied in all sales. C. C., art. 2475. The vendor warrants the thing sold to be fit for the use for which it was bought. Bohanon v. Stewart, 4 La. App. 150. The sale of movable property "as is," even though it be second-hand, will not relieve the vendor of all warranties. For example, the purchaser of a second-hand automobile "as is" is entitled to receive an automobile which will run on its own power. United Motor Company v. Drumm, 3 La. App. 741. Warranty as to title only does not exclude warranty as to redhibition. Castellano v. Peillon, 2 Martin (N. S.) 466.

Article 2520, R. C. C., reads as follows:

"REDHIBITION DEFINED. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."

Article 2521, R. C. C., reads:

"APPARENT DEFECTS NO GROUND. Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices."

Bedbugs are, we will concede, exceedingly unpleasant and if not removed would render a bed unfit for human repose, but whether their presence may be considered a redhibitory vice is very doubtful and upon the evidence before us impossible of affirmation.

There is no proof of the impossibility of eradicating bedbugs from a bed in which they have established themselves. We are aware of the reputation which these disagreeable insects enjoy for tenacious adherence to their established place of abode and of the general abhorrence with which housekeepers generally regard them, but in the absence of a showing that they cannot be removed by force or otherwise, their mere presence in a bed cannot be considered "a vice or defect in the" bed which would entitle the buyer to redhibition. Moreover, under article 2521 it is provided that apparent defects, which the buyer might have discovered by simple inspection, are not among the number of redhibitory vices. Bedbugs, therefore, it seems to us, must be regarded as apparent defects. In fact, according to the testimony administered by defendant herself, the bedbugs were seen in and about the cracks and crevices of the furniture after its installation in her apartment. It would, therefore, appear that they might just as well have been discovered before as after the purchase of the furniture. Mrs. Ghisalberti was suspicious of bugs when she first saw the furniture, for she says she exacted a warranty from the auctioneer before bidding that the furniture was clean and bug free. But why rely upon such assurance; the beds were there for inspection. A detailed, minute and, if necessary, microscopical examination should have been made. The more disagreeable and obnoxious the character of the bedbug is shown to be and the more unwelcome his presence the more necessity there would appear for such examination.

For the reasons assigned the judgment appealed from is reversed and it is now ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Edward B. Fabacher, and against defendant, Mrs. R. P. Ghisalberti, in the full sum of $212.20 with legal interest from judicial demand until paid and all costs.