Defendant, who operates a business in the City of Shreveport under the name of Howard Crumley Chevrolet Company, sold to plaintiff, W.C. Evans, Jr., on June 8, 1939, a used 1937 Ford V-8 coupe.
The total consideration for the transaction was $439.50. Of this amount, plaintiff paid in cash the sum of $75; and for the balance he executed a promissory note payable in monthly installments of $20.25 each, the first of which was due July 20, 1939. This unpaid portion was secured by a duly recorded act of chattel mortgage affecting the automobile.
On July 6, 1939, the car, together with the keys thereto, was surrendered by the purchaser to the seller; and eight days later, following an exchange of letters between the attorneys for the respective parties, this suit was instituted for the primary purpose of obtaining a rescission of the sale.
In his petition, plaintiff alleges the existence of defects in the machine in several particulars, and charges that they "have rendered said car's use so inconvenient and unsatisfactory that he would not have purchased same if he had known of the defects, and that said car is worthless and useless for the purposes for which it was purchased, and therefore, your petitioner cannot use same."
Defendant denies that the machine was defective when purchased, and avers affirmatively that when he acquired said car it was given "the usual thorough checking over by an experienced mechanic, as is customary in his place of business," and it was found to be in good running condition. Besides asking a rejection of plaintiff's demands, defendant prays for judgment in reconvention for the amount of the unpaid note, and ordering the seizure and sale of the car in satisfaction thereof.
The judgment of the district court was in favor of plaintiff, in accordance with the prayer of the petition. It condemned defendant to pay $75, decreed a rescission of the sale, and ordered that the act of chattel *Page 138 
mortgage be cancelled from the records of Caddo Parish and the installment promissory note returned to plaintiff. Also, defendant's reconventional demands were rejected.
The cause is before us on an appeal perfected by defendant.
Plaintiff and his wife planned to take a short vacation trip during the month of June, 1939, to Hot Springs and Glenwood, Arkansas, and they were desirous of purchasing a used automobile for that purpose. At the suggestion of the wife's father a certain salesman in defendant's organization was consulted. This representative selected the automobile in question, which he thought would give them satisfactory service, and recommended it to be in good condition. It bore the used car department's O.K. and was guaranteed against defects for thirty days. At his suggestion, and for the purpose of a trial, they took possession of the machine for a night and a day. At the end of this period, after certain adjustments were made, the purchase was consummated.
Three days later, or on June 11, 1939, the vacation trip commenced. On the journey to their destination, 230 miles away, car trouble was experienced. According to plaintiff the engine ran hot, necessitating the filling of the radiator several times and the providing of a complete change of oil; and the following day, "the car started slowing down on us until we couldn't use it."
The machine was taken to a garage in Glenwood, Arkansas, and defendant was telegraphed for instructions regarding repairs. The latter, after an exchange of telegrams, authorized an expenditure not exceeding $10; and later he made payment of that amount to the owner of the mentioned garage. This sum provided the installation of a new set of spark plugs and a distributor, and covered the necessary labor.
On the return trip to Shreveport the car was operated carefully, as advised by a mechanic, and no disorders relating thereto were observed. Subsequently, however, it became difficult to start; and after starting was effected, testified plaintiff, "it would just chug along." Then, "the motor kept stopping." On several occasions plaintiff carried it to defendant's service shop to have the annoying condition rectified, and on each he registered a complaint; but the work performed did not remedy the engine's ailments. Plaintiff then offered to retransfer the car and lose his initial payment. This offer was refused. Thereafter, but before the expiration of the thirty days' guaranty period and also prior to the maturity of the first installment of the note, the machine and keys were surrendered to defendant.
The automobile looked nice, said plaintiff, but it would not run and afforded him no satisfactory service. He was no mechanic, and did not know the cause of the existing condition.
After the vacation trip had terminated, and prior to the surrendering of the machine, it, while being driven by the wife, was involved in a collision requiring repairs that were made by defendant and paid for by plaintiff. The record does not convincingly show, however, that this collision contributed to any extent to the disorders of the car's engine about which plaintiff complains.
Corroboration of plaintiff's testimony concerning the unsatisfactory running condition of the automobile is found in the deposition of the mechanic who made the repairs at Glenwood, Arkansas, a few days after the sale. He testified that a cylinder head was cracked, the spark plugs were old, and the distributor was worthless; that the car did not possess the appearance of having been recently put in good running order; that the motor was in bad condition and needed a general overhauling; and that, considering its found state, no degree of service would be given by it.
Defendant furnished no evidence in proof of the alleged good mechanical condition of the automobile at the time of the sale on June 8, 1939, with the exception of showing that it possessed the used car department's O.K. Of the three mechanics offered by the defense, one did not examine the machine until two weeks before the trial which was held on January 23, 1940; another made his examination five days prior to such trial date; while the third was merely interested in repairing the damage caused by the mentioned collision and never inspected the engine. The defendant was asked if the car ran all right when it was left with him and he testified; "I could not say."
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the *Page 139 
buyer would not have purchased it, had he known of the vice." Civil Code, Article 2520.
In granting judgment in favor of plaintiff in this redhibitory action, which is grounded on the quoted codal provision, obviously the trial judge found that the automobile possessed defects rendering its use so inconvenient and unsatisfactory that the purchase would not have been made had the defective condition been known to the plaintiff. Considering the evidence in the record, which is above analyzed, such finding does not appear to be erroneous; and it will not be disturbed.
Accordingly, the judgment is affirmed.