This is a redhibitory action in which the plaintiff, F. Alexander Maddox, sues Harry Katz, for the return of $60, the purchase price of a certain antique table, plus $20.25, the cost of repairs to the table, hauling and storage, as well as $25 for the loss of anticipated profit a total of $105.25. The claim for the profit on the table has since been abandoned.
Defendant filed several exceptions which were overruled or referred to the merits and, by way of answer, averred that he was in the business of selling new and second-hand furniture and other merchandise and that he sold "a certain table" to a "certain lady" (plaintiff's daughter) for the price of $60, without any misrepresentation as to its character or value.
There was judgment below in defendant's favor dismissing plaintiff's suit and he has appealed.
It appears that Miss F. Maddox entered Katz' place of business in search of a Colonial type table and that while there a load of furniture was being removed from a van to defendant's storeroom. In the lot was a table which Miss Maddox admired. She spoke to defendant's son, Sam Katz, about it and told him that she wanted to have Mr. Marc Antony, an expert furniture dealer, in whom she had confidence, examine the table. She left the store and returned in about twenty minutes with Mr. Antony. After the table had been inspected by Antony and some argument had concerning the price, it was purchased by Miss Maddox for $60, of which amount $10 was paid in cash and a check subsequently mailed to defendant by Miss Maddox' father, who resides in McComb, Mississippi. Miss Maddox made an agreement with Mr. Antony to refinish the table for $30 and it was taken to his place of business for that purpose. After starting the repairs to the table, Antony discovered that it was in a much worse condition than he had believed it to be when he first examined it and informed Miss Maddox that he would require $30 additional to finish the job, which she refused to pay. An ineffectual attempt at compromise with Mr. Katz was made and this suit resulted.
The first contention of the defendant is that he had no contractual relation with F. Alexander Maddox, having dealt only with his daughter, who, at no time, stated that she was acting in any other than a personal capacity. However, Miss Maddox testified on the trial of the case that she bought the table for her father and while there is some doubt in our minds on the subject, assuming that she did, there remains the vital question of whether the table contained a redhibitory vice. *Page 750 
Article 2520 of the Revised Civil Code reads as follows:
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
Article 2475 of the Code declares:
"The seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells".
In Standard Motor Car Company v. St. Amant, 18 La.App. 298, 134 So. 279, 282, 138 So. 461, the Court of Appeal for the First Circuit said:
"Civil Code, art. 2476, provides for the warranty of the seller against the hidden defects or the redhibitory vices of the thing sold. If the thing sold is absolutely useless, or its use so inconvenient and imperfect, that it must be supposed it would not have been bought, it follows that the seller has not complied with his warranty. If the thing is so affected, it cannot be considered that the seller has sold a thing `fit for the purpose intended,' unless the warranty has been expressly waived, as held in Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871."
In MacLehan v. Loft Candy Stores, La.App., 172 So. 367, 369, it was held:
"There is an implied warranty in every sale. The vendor guarantees the vendee against the hidden defects of the thing sold. R.C.C. arts. 1764, 2520, et seq."
There is some testimony to the effect that Katz warranted the table to be "solid mahogany". This is denied by both Katz and his son, who sold the table. If such warranty was given, it has not been established by the evidence. The table was bought as an antique. In fact, Katz, himself, had acquired it only a short while before and the table had not yet been placed in his storeroom when Miss Maddox saw it and began negotiations which resulted in its purchase. She selected an expert in antiques and other kinds of furniture of twenty years experience, who examined the table and on whose advice she acted in its purchase. It is true that both she and Antony say that the table was so covered by a heavy varnish that its imperfections were not visible. We are of the opinion, however, that an old table, bought as such, and known to have been in use for many years, should be expected to possess some defects. The fact that the varnish covered some of the defects is not important, particularly since the table was sold to the plaintiff's daughter, "as is", as is evidenced by the bill of sale.
We have interpreted this more or less modern phrase "as is" in United Motor Car Company v. Edward T. Drumm, 3 La.App. 741, where, with respect to a second-hand automobile, we said: —
"The clause `as is' when employed in a contract of sale of an automobile does not relieve the vendor of all warranty. But if the automobile is fit for the use for which it was intended and will run, the fact that frequent repairs are necessary and new parts required to keep it running does not void the sale upon the ground of failure of consideration, particularly when the automobile is sold as a second-hand, five-year-old machine". (Syllabus by the Court)
Similarly, the sale of a table, even an old and secondhand table "as is", does not relieve the vendor of all warranty. The table sold under such circumstances must be fit for use as a table, but it is certainly not warranted to be in perfect condition, free from all defects which usage and age might cause. Whenever these words "as is" appear in any agreement, it should serve to put the purchaser on notice that there is a considerable qualification of the warranty which is implied in all sales. This table did not contain any redhibitory vices. As a matter of fact, Miss Maddox knew that the table was not in prime condition because she immediately engaged Mr. Antony to repair it. She now complains of the fact that Mr. Antony found more the matter with the table than he at first believed to be the case before the varnish had been removed, but, in our opinion, she is not entitled to have the sale rescinded.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed. *Page 751