KENNON, Justice.
 

 The plaintiff, alleging that he purchased from the defendant one Model 104 Northwest Dragline-for $6,500 cash, filed this suit for the rescission of the sale and the return of the purchase price, on the ground that the machine, although represented by the President of the defendant corporation to be in first-class condition, was worthless and unfit for the purpose intended; that the defects and vices were such that they could not be discovered by simple inspection; and that, had he been aware of their existence, he would not have made the purchase.
 

 The defendant admitted the sale and the receipt of the purchase price; denied making any representation or warranties; admitted that the lighting plant on the machine was out of order; that the motor used more cylinder oil than a new motor; that the right swing friction was slightly sprung; but averred that the machine, prior to its purchase, was inspected by the plaintiff’s mechanic and was in such condition as could be expected for one of its size, kind, age and character; and prayed that the suit be dismissed, and for judgment for $500 attorney’s fees.
 

 The district judge, in a well-considered opinion, gave judgment for the plaintiff. The defendant was granted a suspensive and a devolutive appeal.
 

 The plaintiff, who lived at Lake Charles, La., approached the defendant with a view of buying a Loraine 40 dragline that was being used nearby. The defendant declined to sell this machine but sold to the plaintiff the Northwest dragline, Model 104, now in controversy. The plaintiff’s object in purchasing the dragline was to lease it to the M. W. Kellog Company. Mr. W. A. Williams, a representative of the Kellog Company, went to Texas and made an examination of the machine to the extent of starting the motor, “walking it”, swinging the crane, and picking up several “buckets” of dirt. He noted that the machine was not in the best condition but reported that it could be used. It was then delivered to the Kellog Company’s job at Lake Charles, under a lease from the plaintiff. Trouble de
 
 *585
 
 veloped in the machine and the Kellog Company, after two or three weeks, declined to use it and returned it to the plaintiff with an offer to pay twelve days rent, which the plaintiff refused to accept. The Kellog Company complained that the machine used too much oil, that it had trouble with the swing friction, the clutch, and other “general small items”; that the machine broke, was repaired, but broke again, and that time was lost due to various repairs being constantly required.
 

 Mr. T. B. Moore, Supervisor of Equipment for the Kellog Company (lessee of the plaintiff) testified in substance that the use of the machine was “terminated”, because it did not operate properly and that his company would have kept it, if the dragline could have done the work of a good secondhand machine, as the company was in need of equipment of like nature at the time and had rented other secondhand machines later, which were used satisfactorily on the same job.
 

 The trial judge rightly, we think, considered it significant that the Kellog Company’s employes, who had no interest in the suit, rejected the dragline and gave the machine up as a bad job at a time when that company needed such equipment.
 

 The bill of sale contains no warranty other than that of title and the plaintiff’s cause of action is based upon oral warranties and the obligation of the seller as provided by Chapter 6 of the Revised Civil Code. We do not consider it necessary to discuss the conflicting evidence on the alleged oral guarantees, because, under the codal articles, a warranty against redhibitory vices is implied in every contract of sale, unless expressly excluded. Iberia Cypress Co. v. Von Schoeler, 121 La. 72, 46 So. 105; Levy v. Ebeyer & Winteler 3 La. App. 500; Fairchild Auto Co. v. Reed, 12 Orleans App. 351; Eglin v. Rufin, Orleans App.No.7529, unreported [See Louisiana & Southern Digest],
 

 A piece of industrial machinery possesses redhibitory vices if it cannot be successfully used for the operation for which it was constructed and sold. Rescission of the sale has been ordered when the machine possesses hidden defects, so as to render its use unreasonable, inconvenient and unsatisfactory. Melancon v. Robichaux, 17 La. 97; Fee v. Sentell, 52 La. Ann. 1957, 28 So. 279; Crawford v. Abbott Automobile Co., Ltd., 157 La. 59, 101 So. 871; Evans v. Crumley, La.App., 1 So. 2d 137; and other cases cited in IV Tulane Law Review at page 433, in a well-written article on “The Nature of the Redhibitory Action”.
 

 There is ample evidence in the record to sustain the finding of the trial judge that the machine purchased by the plaintiff herein possessed redhibitory vices sufficient to warrant the rescission of the sale.
 

 For the reasons assigned, the judgment of the district court is affirmed, with costs.