As appears from the original opinion handed down in this case, 23 So.2d 332, the suit is one for the rescission of the sale of an automobile and the refunding of the sum of $335, cash payment made on the car at the time it was sold, on the ground that the automobile was mechanically defective at the time of the sale and that vices and defects made it useless for the purpose for which the plaintiff had bought it. The judgment of the lower court had been in favor of the defendant and against the plaintiff. On appeal it was reversed and in the decree of this court it was ordered that the sale be rescinded and set aside and that the automobile be held subject to the order and disposition of the defendant; that plaintiff recover judgment against defendant in the sum of $335, the amount of the cash payment he had made plus the sum of $167.55, to cover three installments paid on the mortgage note given in the sale of the car, up to the time of the filing of the suit; that the defendant be ordered *Page 112 
to return to the plaintiff the mortgage note which he had executed as part of the purchase price and in default that plaintiff be reserved the right to sue defendant for any and all amounts which he may be forced to pay on said note up to that time as well as any amount paid by him after the filing of this suit.
In proper time the defendant filed an application for rehearing in which it was contended on his behalf that the judgment was in error in having reversed the trial judge both on questions of fact and of law but principally in misinterpreting the facts.
We find however that we do not have to give this part of the application any consideration as it also appears that there has arisen a circumstance on which it becomes necessary for us to take some other action in the case.
It is alleged that it has come to the knowledge of the applicant that since the rendition of the judgment by this court on October 3, 1945, plaintiff, who had obtained the judgment in his favor rescinding the sale and ordering that the automobile be held subject to the order and disposition of the defendant, had sold the automobile before perfecting the appeal which he had taken from the judgment rendered against him. It is contended therefore that as plaintiff has thus rendered himself unable to proceed in accordance with his original demand to set aside the sale of the automobile, he has in fact abandoned his appeal. In other words as we construe the contention made, it is that plaintiff has in effect acquiesced in the judgment rendered against him in the lower court and no appeal can be entertained.
In support of his application defendant attached thereto an affidavit made by him to the effect that the car had been sold by plaintiff all as therein set out.
After defendant filed his application, plaintiff also filed a motion for rehearing in which he sets out that although at the time he bought the automobile his earnings warranted payment of the installments for which he had obligated himself, it developed that while the appeal was pending he was taken ill and became hospitalized. Realizing that because of his illness and the expenses he would be put to he would be unable to pay the installments as they became due, and in order to save the expenses of foreclosure with which he was threatened, and attorney's fees incidental to the same, and also the probability of a deficiency judgment, he had no recourse left but to sell the car in order to liquidate the debt. He refers to his misfortune as a fortuitous event which has made it impossible for him to comply with that part of the judgment of this court which directs him to return the automobile and receive the money he paid for it, and directs attention to the fact that whether he sold the car and paid the notes or whether he kept the car and paid the notes that the payment operated as a credit to the defendant against the present value of the car, all without the cost of court and attorney's fees which would have been involved in a foreclosure. He therefore suggests an amendment to the judgment or to that part of it which orders him to return the car to defendant by ordering in an alternative that the defendant be given credit for the car at the present OPA ceiling price which he represents to be the sum of $902.40. As another means by which the matter can be settled, he suggests that as under Art. 2533 of the Civil Code, if the thing which is the object of the redhibitory action has perished since the commencement of the suit, even by fortuitous event, it is the seller who has to bear the loss and therefore, claiming that his illness was such a fortuitous event which caused the sale of the automobile, he contends that the defendant owes him the money which he had paid him and must stand the loss of the car in addition.
[1, 2] We will dispose of this last suggestion simply by stating that we find nothing whatever in this case to warrant the application of the cited article of the Civil Code. There was no danger of the automobile perishing and we do not understand how plaintiff's illness could be construed as a fortuitous event within the meaning of the Codal provision. In the cases cited under the Article of the Code in which illness was referred to as a fortuitous event, it was the illness of a slave, the object of the redhibitory action, and not that of the purchaser, which gave rise to the application of the law that is here invoked. There was no reason pressing the plaintiff to sell the car before waiting for the final result of this litigation which he himself had initiated. When he did so he made it impossible for him to proceed with his original demand to have the sale of the car from the defendant to himself set aside, as a judgment in his favor *Page 113 
necessarily involved the return of the car by him to the defendant, as was decreed in the judgment of this court on appeal.
The situation that has now come about presents something in the nature of a moot question before the court and we have concluded to dispose of it by setting aside our former decree and dismissing the appeal.
For the reasons stated, it is now ordered, adjudged and decreed that the original judgment herein which reversed the judgment of the district court be, and the same is hereby set aside and annulled and it is now ordered that the appeal taken by the plaintiff be and the same is hereby dismissed at his costs.