50 So.2d 843 (1951)
WOMACK
v.
LAFAYETTE FURNITURE CO., Inc.
No. 19690.
Court of Appeal of Louisiana, Orleans.
February 26, 1951.
*844 John J. Conners, New Orleans, for appellant.
Samuel I. Rosenberg, New Orleans, for appellee.
REGAN, Judge.
Plaintiff, Edward E. Womack, instituted this action of redhibition, against the defendant, Lafayette Furniture Company, Inc., to recover the sum of $175.05, representing the purchase price paid for a "Nelson Sleep Lounge", which plaintiff alleges was defective before the date of the sale; and in support thereof further alleges that approximately two months after delivery of the lounge, plaintiff noticed that the spring was "rusty".
Defendant filed exceptions of "no right or cause of action" which were subsequently referred to the merits by the judge, a quo, upon the suggestion of defendant's counsel. Defendant then answered that the lounge "was made of good materials and *845 workmanship and contained no defect at the time of the sale"; "that the rust on the springs * * * arose after the merchandise left defendant's store and while it was in the custody and control of plaintiff, and the cause therefor was completely beyond the control of defendant."
From a judgment in favor of defendant, dismissing plaintiff's suit as of non-suit, plaintiff prosecutes this appeal.
The record reveals that on June 26, 1950, plaintiff purchased a "Nelson Sleep Lounge" manufactured by the Sealy Company of the Southeast, from the defendant, and which was delivered to plaintiff on or about July 5, 1950. Approximately two months thereafter, or about September 5, 1950, "rust spots" appearing on the spring, mattress and cover therefor, were observed for the first time by plaintiff's wife, either while cleaning the lounge, or during a casual inspection thereof. Plaintiff's wife, without delay, complained to an officer of the defendant corporation, who stated in effect that in the interest of good customer relations, he offered to replace the lounge with a new one, which offer was summarily rejected by plaintiff's wife. Defendant also, on several subsequent occasions, offered to repair the "rust condition" by sanding the metal and refinishing it with aluminum paint, but these offers were also rejected by the plaintiff's wife who, in turn, "demanded the return of the purchase price." Finally defendant prevailed upon the manufacturer's local representative, Norton Glueck, to visit the residence of plaintiff and thus facilitate defendant to conclusively determine if the spring was defective. Glueck testified that the "spring was rusty in some spots around the side and rust had gotten on to the mattress" which facts he reported to the Sealy Company of Memphis, Tenn. On October 7, 1950, the Sealy Company wrote the defendant that it was of the opinion that the spring was not defective, but that the "rust" was "due to some atmospheric condition, or some exceptionally damp condition in the customer's home." Glueck testified that there was no "structural defect" in the spring. Plaintiff testified that he had occupied his residence (a basement apartment) for twelve years and that it was neither "humid" nor "damp."
The record further reveals that defendant had thoroughly inspected the lounge before delivery to plaintiff and that the spring in question was not "rusty." Both plaintiff and his wife testified that the spring is not covered by a fabric nor "upholstered" and that upon removal of the mattress a complete "inspection" of the "spring" is afforded, however, they both testified that they did not see or make any effort to examine the spring when they purchased the lounge.
The only question posed for our consideration by virtue of the foregoing pleadings and evidence is one of fact, and that is, Did the vice or defect exist in this spring before the sale to plaintiff so as to permit plaintiff to successfully maintain an action of redhibition in conformity with the provisions of Civil Code Art. 2520?
There exists in every sale consummated under the laws of this State, the seller's warranty against hidden defects in connection with the article or merchandise sold, or its redhibitory vices. The seller's warranty is an implied part of the contract which need not be expressed. See Civil Code Article 2476. Nelson v. M. C. M. Truck Lines, 209 La. 582, 25 So.2d 236. This warranty originated by virtue of a philosophy which is the antithesis of the common law's classic doctrine of caveat emptor, which incidentally has never prevailed in this State. Where this implied warranty is breached, the action of redhibition permits a vendee to resist payment of the purchase price or to recover the price already paid.
Article 2520 of the Louisiana Civil Code reads: "Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
The fundamental effect of redhibition is the complete rescission of the sale of the property which the vendee alleges was defective *846 before the date of the sale. However, Civil Code, Art. 2530 expressly places the burden of proof on the buyer to establish that the vice existed before the sale to him.
The same article presumes the existence of the "vice" before the sale, if it "has made its appearance within three days immediately following the sale."
In the instant case plaintiff has not introduced one scintilla of evidence to establish, as a fact, that the spring or springs were either manufactured of defective metal or rusty at the time of sale, the delivery thereof, or that the alleged "rust" made its appearance within three days following the sale. In fact, plaintiff and his wife concede that two months elapsed after delivery of the lounge before either of them noticed the rust spots on several parts of the spring.
One of the officers of defendant company testified that "all merchandise is thoroughly examined prior to leaving the store and that if any rust had manifested itself on the spring, it would not have been delivered to the plaintiff.
Plaintiff has not successfully borne the burden of proof imposed on the buyer by virtue of the provisions of Civil Code, Article 2530 and, therefore, we find no error in the judgment of the court, a qua.
Some meditation reflected an interesting aspect of this case, which was apparently overlooked. In a redhibitory action the vendee must allege and prove a tender or offer to return the merchandise, Janin v. Franklin, 1832, 4 La. 198; Woodward, Wight & Co. v. Cotonio, La.App. 1934, 152 So. 336 because return of the merchandise or article is essential to the redhibitory suit. Harris v. Halligan, La. App., 25 So.2d 111. Plaintiff did not allege or prove a tender or offer to return the merchandise. The pleadings and the record is devoid of any allegations or evidence deduced in this connection. A careful analysis reveals that neither the pleadings nor the record discloses even an inferential proof of tender. International Harvester Co. v. Carruth, La.App.1945, 23 So.2d 473.
However, assuming arguendo, and conceding the existence of the rust spots on the spring at the time of or before the sale, which is an assumption most favorable to the plaintiff, we are of the opinion that plaintiff cannot successfully maintain this action of redhibition because Article 2521 of the Civil Code places an important limitation upon the availability of the redhibitory action. This article reads: "Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices." "Apparent" defects, which the buyer might have discovered by simple inspection are not "redhibitory". In the instant case both plaintiff and his wife testified that the spring is not covered by a fabric of any sort nor upholstered and that upon removal of the mattress a complete inspection of the spring is possible. Both plaintiff and his wife also testified that while they could have inspected the spring either at the time of purchase or within three days thereof, neither of them did so until two months after delivery of the lounge to their residence. Obviously if the spring was rusty plaintiff could have discovered this apparent defect at the time of the sale by a simple inspection thereof, therefore, no redhibitory vice existed which would furnish adequate support for the maintenance of the redhibitory action. Twibill & Edwards v. J. & H. Perkins, 1853, 8 La.Ann. 133; Fabacher v. Ghisalberti, 1932, 8 La.App. 599, 139 So. 70, 71.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.