REGAN, Judge.
Plaintiff, Dependable Refrigeration, Inc., instituted this suit against defendants, M. J. and A. Giambelluca, endeavoring to recover either the unpaid matured installments or the balance due on account of the purchase price[1] of a Sweeden Freezer Electric Ice Cream Maker, which had been installed in defendants’ business establishment on April 9, 1954, and subsequently sold to them on May 14, 1954.
Defendants answered and denied that they were indebted unto the plaintiff in any sum whatsoever and then reconvened for the amount of $727.10 asserting that they were entitled to a rescission of the sale due to a redhibitory vice or defect[2] in the freezer.
From a judgment dismissing both the main and the reconventional demands as of non-suit,[3] only the defendants have prosecuted this appeal, therefore, the only question posed for our consideration is one of fact and that is whether the defendants are entitled to maintain an action of red-hibition and rescind the sale.
The record reveals that a Sweeden Freezer Electric Ice Cream Maker was installed by the plaintiff in defendants’ business establishment on April 9, 1954, and subsequently sold to them on May 14, 1954, as evidenced by a note and chattel mortgage. It was agreed that the defendant would pay therefor the sum of $1724.60, $584.60 of which was in cash and the balance to be liquidated in twenty-four monthly installments of $47.50 each.
The defendants paid three installments then refused to make any further payments for the reason that the freezer had, almost from the inception of its acquisition, given them considerable difficulty. Between May 14, 1954, the date of its purchase and September 28, 1954, the date on which defendants offered[4] to return the freezer in exchange for another one the machine had broken two shafts; it was necessary that the entire cylinder be replaced because of leaking and a coil had burned out. The factory representative serviced the machine on two occasions and, about twelve service calls were made by the plaintiff in an effort to correct the improper operation of the freezer.
The foregoing facts are not denied by the plaintiff, it simply insists that the defendants have never learned to properly adjust and operate the freezer. Counsel, in oral argument before this court, conceded the existence of some minor defects, but contend these defects did not make the freezer completely unfit for the purpose for which it was sold.
Albert Franatovich, the President of the plaintiff corporation, very significantly testified that this was the first and only freezer of this type and model that he sold in the *150 City of New Orleans and several months after the sale thereof he relinquished the distributorship for the freezer.
There exists in every sale consummated under the laws of this State, the seller’s warranty against hidden defects in connection with the article or merchandise sold, or its redhibitory vices. The seller’s warranty is an implied part of the contract which need not be expressed.[5] This warranty originated by virtue of a philosophy which is the antithesis of the common law’s classic doctrine of caveat emptor. AVhere this implied warranty is breached, the action or redhibition permits a vendee to resist payment of the purchase price or to recover the price already paid.
Article 2520 of the LSA-Civil Code points out:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
The fundamental effect of redhibition is the complete rescission of the sale of the property which the vendee alleges and has proven was defective before the date of the sale and LSA-Civil Code, Art. 2530 expressly places the burden of proof on the buyer to establish that the vice existed before the sale to him.
 It is our opinion by virtue of the facts revealed hereinabove that the defendants have introduced into the record sufficient evidence to establish as a fact that the plaintiff was unable in a period of more than four months to cause the freezer to function properly and that it was defective prior to the date of defendants’ acquisition thereof and we, therefore, believe that the defendants have effectively borne the burden of proof imposed on the buyer by virtue of the provisions of the foregoing article of the Civil Code, and proven their case with that certainty which the law requires.
Formal tender of the freezer by the defendants to the plaintiff would have been a vain and useless gesture since the plaintiff had refused to accept the freezer or to exchange it for another one.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed insofar as it non-suits the reconven-tional demand and it is now ordered that there be judgment herein in favor of the plaintiffs in reconvention, M. J. and A. Giambelluca and against the defendant in reconvention, Dependable Refrigeration, Inc., rescinding the sale and ordering the return of $727.10 paid on account thereof. In all other respects the judgment appealed from is affirmed.
Affirmed in part, reversed in part.

. Purchase price was $1724.60, less down payment of $584.60 and three installments of $47.50 each or a balance remaining due of $997.50.

. LSA-Civil Code, Article 2520.

. The litigants agree that the principal amount in dispute was $997.50 plus interest and attorney’s fees. The trial judge heard the case on its merits, and was then of the opinion, so we have been informed by counsel, that since interest and attorney’s fees were agreed upon in both the chattel mortgage and the note they formed part of the principal amount in dispute for jurisdictional purposes and, therefore, non-suited the litigants. We believe that he erred in this respect. The Oity Court possesses jurisdiction “when the amount in dispute * * * [is] not over one thousand dollars, exclusive of interest, attorney fees and penalties.” LSA-Constitution of Louisiana, Art. 7, § 91.

.Plaintiff’s counsel in oral argument before this court admitted that plaintiff refused to accept the return of the freezer or to replace it with another freezer.

. LSA-C.C. Art. 2476; Nelson v. M. C. M. Truck Lines, 209 La. 582, 25 So.2d 236.