YARRUT, Judge
(dissenting).
The mere recital of the unquestioned facts leaves no doubt in my mind that the judgment should be amended to the extent of allowing Plaintiff to recover the $300.00 sale price of the sofa-lounge.
Mrs. Catherine W. Stewart, a friend of Mrs. Kritikos, accompanied her to Plaintiff’s retail furniture store and was with her during the entire transaction. She testified the sofa was dirty and advised Mrs. Kritikos to purchase it “as is” for $300.00, reduced from its original selling price of $349.00. The sofa was admittedly a floor sample, demonstrator, shop-worn, Pullman sofa-lounge, used by prospective purchasers over a period of time to sit and rest upon. Mrs. Stewart saw no grease stains; nor did she see the sofa from the time of the sale until it had been cleaned and ruined by Mrs. Kritikos. Mrs. Stewart testified she had previous dealings with Plaintiff and always found their dealings fair and dependable.
The only change Plaintiff had agreed to make before the sale was to the arms of the sofa, concerning which there is no complaint.
Mr. Kritikos, strange as it seems, admitted he did not see the sofa until after it was cleaned at the instance of his wife, admitting his knowledge of the alleged grease stains was obtained solely from his wife, or hearsay.
Mrs. Kritikos testified that, when the sofa was delivered to her home, she told the delivery boys it was stained, yet accepted delivery and did not notify Plaintiff otherwise until a week later. At that time she was told by Plaintiff’s manager that they sold it “as is”, and they would not advise her to have it cleaned, but if she insisted upon having it cleaned, they would allow her a credit of $13.65.
This is amply proved by a letter offered in evidence by Defendant, himself. In this letter Plaintiff’s manager wrote Defendant that he had recommended to his wife that the sofa not be cleaned, but if she decided to have it cleaned Plaintiff would not be responsible except to give credit for the cost of cleaning.
Though Defendant alleged that Plaintiff had cleaned the sofa, at the trial he conceded it was his wife who arranged for the cleaning. Strangely enough, Defendant did not disclose the identity of the person or establishment which did the cleaning to explain the cleaning process and what caused the shrinking of the cloth covering the sofa-lounge.
It is possible the grease spots may have developed during the handling by Plaintiff’s delivery boys, or during the week it was in Defendant’s home before formal notice to Plaintiff. Defendant had the onus of proof, having accepted delivery with full knowledge of its alleged defect. Complaint to the delivery boys was not sufficient. She should have rejected the article or immediately notified Plaintiff, not waited more than a week to do so, during which time it was in use in her home.
Having purchased a partially damaged sofa-lounge at a bargain price “as is”, and having accepted it and undertaken to remove the alleged grease spots against the advice of Plaintiff, the resulting damage or destruction was due to the wife’s own intervening act, or that of their undisclosed cleaner, for which Plaintiff cannot be held responsible.
*546 LSA-C.C. arts. 2520, 2521, 2530; Portier v. Marquette Casualty Company, La.App., 150 So.2d 882; Dwyer Lumber Co. v. Murphy Lumber and Supply Co., La.App., 116 So.2d 64; Womack v. Lafayette Furniture Co., La.App., 50 So.2d 843; Maddox v. Katz, La.App., 8 So.2d 749; Fabacher v. Ghisalberti, 18 La.App. 599, 139 So. 70.
The question here is not entirely one of veracity, but also who had the burden of proof. Certainly, Mrs. Kritikos, who had accepted delivery of the sofa and at whose instance it was cleaned, had the burden of proof. That Defendant, in whose home the sofa was for about a week, had no personal knowledge of the grease spots, is very strange; and the failure to produce the cleaner in whose establishment the sofa was ruined while being cleaned creates an unfavorable presumption against Defendant. The ruination of a $300.00 sofa by a cleaning establishment is not an everyday occurrence or an event that the cleaner’s unfortunate customer could soon forget.
The judgment of the district court should be amended to allow Plaintiff to recover the $300.00 purchase price. I, therefore, respectfully dissent.