DIXON, Justice
(concurring).
I fully concur in the opinion of the majority.
An additional reason available to the plaintiff is that it was subrogated to the *93 rights of warranty of Cookie’s Auto Sales, Inc. Cookie could have waived all its rights against MBNA; the warranty of quality could have been waived but was not. The waiver must be specific. C.C. 1764; Note, 4 Tul.L.Rev. 285; see also C.C. 2503.
The limitations that MBNA attempted to place on its warranty as quoted in footnote 2 of the majority opinion did not serve as a waiver of all rights of warranty by Cookie. MBNA did not say that it sold cars to Cookie without any warranty whatsoever, express or implied. MBNA modified the “no warranty” clause to limit it to performance, characteristics, specifications and conditions, including merchantability and fitness for a particular purpose. The warranty of quality of C.C. 2520 (against redhibitory vices which might render a car absolutely useless or its use so imperfect and inconvenient that it would not have been knowingly purchased) was not mentioned.
This dealership contract was obviously prepared by MBNA. If any ambiguity exists as to the interpretation of limitations placed on the no warranty clause, it must be construed against MBNA. As this court said in Radalec, Incorporated v. Automatic Firing Corporation, 228 La. 116, 123, 81 So.2d 830, 833:
“Under Article 2476 of the Civil Code, the warranty against hidden defects and redhibitory vices is implied in every contract of sale unless expressly excluded, see Nelson v. M.C.M. Truck Lines, 209 La. 582, 25 So.2d 236, and Article 2474 declares that ‘The seller is bound to explain himself clearly respecting the extent of his obligations: any obscure or ambiguous clause is construed against him’. Accordingly, even if it be liberally conceded that the defendant actually intended to restrict its entire liability to a replacement of parts, it would still be responsible, as the alleged limitation in the contract does not plainly signify such an aim.”
Under C.C. 2503, the buyer is subrogated to the seller’s rights and actions .in warranty. If C.C. 2503 is applicable, plaintiff Media is subrogated to Cookie’s rights against MBNA. C.C. 2503 should be applicable, even though found in the section of the code dealing with warranty against eviction. This court recognized its applicability in dicta in McEachern v. Plauche Lumber & Construction Co., Inc., 220 La. 696, 57 So.2d 405, 408. See also 14 Tul.L. Rev. 470; 23 Tul.L.Rev. 119, 140.
This principle of subrogation, long recognized as applicable to the warranty of quality, should be available to plaintiff.