304 So.2d 792 (1974)
Leo C. TICHELI, Sr., Plaintiff-Appellee,
v.
Walter T. SILMON et al., Defendants-Appellants.
No. 12478.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1974.
*794 Jones, Blackwell, Chambliss, Hobbs & Henry by Sam O. Henry, III, West Monroe, for defendant-appellant, Walter T. Silmon.
Watson, Murchison, Crews & Arthur by William P. Crews, Jr., Natchitoches, for defendant-appellant, Sherwood Homes, Inc.
Kostelka & Blackwell by Marshall Q. Blackwell, Monroe, for plaintiff-appellee.
Before AYRES, PRICE and HALL, JJ.
HALL, Judge.
In this redhibitory action the district court rendered judgment in favor of the purchaser of a mobile home against the manufacturer and the seller, in solido, rescinding the sale and for the amount of the purchase price plus sales tax, fees, interest and finance charges subject to a credit for unearned interest and for use of the mobile home by plaintiff. Judgment was also rendered in favor of the seller on its third party demand against the manufacturer. The manufacturer perfected a devolutive appeal. We affirm the judgment of the district court.
The first specification of error made by appellant is that the district court erred in overruling its peremptory exceptions of res judicata and prescription.
Plaintiff, Leo C. Ticheli, Sr., filed suit in Ouachita Parish on May 20, 1971, against Walter T. Silmon d/b/a Silmon Mobile Homes and Sherwood Homes, Inc. Plaintiff alleged he purchased a new house trailer on May 22, 1970 and that the trailer contained vices and defects rendering it useless. He prayed for rescission of the sale and return of the purchase price and, alternatively, for a reduction in the purchase price. Defendant, Sherwood Homes, Inc., filed a declinatory exception of improper venue alleging it is a Louisiana corporation with its registered office in Natchitoches Parish, which is where the suit should have been brought under LSA-C.C.P. Art. 42(2). The exception was sustained in a written opinion of the district court dated February 12, 1973, in which opinion the court noted that the petition did not allege that the two defendants are either joint or solidary obligors or that there was any connexity between the defendants or which if either of the defendants manufactured or sold the trailer. On May 17, 1973, plaintiff filed an amended and supplemental petition alleging the mobile home was manufactured by Sherwood Homes, Inc. and sold to plaintiff by Silmon and alleging additional damages in connection with the transaction. Plaintiff prayed for judgment against the defendants in solido. Thereafter defendant, Sherwood Homes, Inc., filed a peremptory exception of res judicata pleading the ruling on the exception of improper venue as a bar to the amended and supplemental petition. Defendant also filed a peremptory *795 exception of prescription contending defendant's action to rescind the sale made on May 22, 1970 was prescribed since the amended and supplemental petition was not filed or served on defendant until more than one year after the date of the sale.
The district court correctly overruled the exception of res judicata, holding that the ruling on the exception of improper venue did not dispose of the action on its merits and plaintiff was entitled to remove the objections pleaded in the exception by amendment to his petition under LSA-C.C.P. Art. 932, which plaintiff accomplished with leave of court.
The peremptory exception of prescription was also properly overruled. LSA-R.S. 9:5801 provides that the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon against all defendants. Although the petition as originally drawn did not allege sufficient facts to show proper venue in Ouachita Parish, the district court for that parish was a court of competent jurisdiction and was, in fact, ultimately determined to be a court of proper venue. Prescription was interrupted as of the date of filing of the original petition as against both defendants. In any event, the filing of suit against one solidary obligor interrupts the running of prescription as to another co-obligor not originally sued. LSA-C.C. Art. 2097. The manufacturer and the selling dealer are solidarily liable for return of the purchase price where a sale is rescinded for redhibitory defects. Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972). The amendment increasing the amount of damages claimed does not set forth a new cause of action and relates back to the date of the filing of the original petition and such additional claim is not prescribed. Stahl v. Sazer, 141 So.2d 441 (La.App. 4th Cir. 1962).
Turning to the merits, the evidence discloses plaintiff purchased the new mobile home, manufactured by Sherwood Homes, Inc., from Silmon, a mobile home dealer, for use as a home by plaintiff and his family. Silmon delivered the mobile home to plaintiff's property, set the home up on blocks, leveled and plumbed it. Plaintiff had the utilities connected to the mobile home which involved exterior connections. At a later time he had an air conditioning unit installed which also involved exterior connections. There is conflicting evidence as to whether plaintiff at a later date removed the wheels from the trailer which may or may not have affected the level of the mobile home.
The evidence discloses, and the trial court so found, that defects commenced to evidence themselves as soon as the utilities were connected to the trailer and plaintiff began using it. The manufacturer made numerous efforts at repairs and some of the defects were corrected and some were not. Most of the defects complained of at the time of trial had manifested themselves within three to five months after the mobile home was purchased. The trial court found the following vices and defects to exist on the date of trial despite repair efforts:
"A. The front outside door will not remain shut and cannot be locked;
B. The back outside door will not remain shut and cannot be locked;
C. Gaps exist between the door frame and door in both the front and back outside doors;
D. In several windows throughout the trailer, gaps are present even when the windows are closed;
E. The front bathtub leaks and the carpet and the floor around the tub have become rotten. Stains have developed on the paneling in the front bedroom and living room wall adjacent to the tub;
F. The front bathroom door has completely fallen off;

*796 G. The partition separating the kitchen-dining area from the living room is insecure and moves to and fro;
H. The sliding door to the front bathtub remains insecure and falls out of place from time to time;
I. The floor vents remain insecure;
J. The kitchen sink leaks periodically;
K. The woodwork around the back door is falling off, and some paneling in the hall near the back door has warped;
L. Insulation is falling from the trailer in an area under the back bedroom; and
M. The heating and air conditioning ducts under the mobile home are allegedly defective and will not permit the proper flow of air."
The trial court reached the following conclusions, with which we agree:
"As a result of the aforesaid defects, living conditions in the mobile home are less than tolerable. Testimony of plaintiff and his family shows that it is impossible to adequately heat the unit in winter or cool the unit in summer. Testimony was introduced to the effect that outside air flows freely throughout the home and that the curtains are blown on windy days even when all doors and windows are closed. While the front portion of the trailer is uncomfortably cold in winter, the back portion of the trailer is extremely hot with the reverse being the case in summer. The home cannot be secured at night as neither outside doors will lock due to the improper fitting and defective locks. The defective floor vents invite injury to petitioner, his wife, children, and guests. Due to the absence of the front bathroom door and the fact that it cannot be replaced on account of the flimsy door frame, no privacy exists in matters that are most private and personal in nature. The bathroom carpet, floors, and adjacent walls continue to rot and present an unsanitary condition.
"* * *
"The Court concludes that plaintiff proved that defects do exist today and that they commenced to evidence themselves as soon as the trailer was tied in to the gas and water lines. Thereafter, others manifested themselves within a short period of time so that it is fair to state that they existed at the time of the sale. The trailer became unfit for the purpose for which plaintiff purchased it."
The principles of law applicable to redhibitory actions generally and applicable to the case before us specifically were summarized in Rey v. Cuccia, 298 So.2d 840 (La. 1974):
"In Louisiana sales, the seller is bound by an implied warranty that the thing sold is free of hidden defects and is reasonably fit for the product's intended use. Civil Code Articles 2475, 2476, 2520; Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972). The seller, of course, can limit this warranty by declaring to the buyer the hidden defects at the time of the sale, Article 2522, or can otherwise limit his obligations as seller, providing he do so clearly and unambiguously, Article 2474.
"A redhibitory defect entitling the buyer to annul the sale is some defect in the manufacture or design of a thing sold `which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.' Article 2520. Upon proof of such a defect, the buyer is entitled to annul the sale and recover the purchase price, rather than being limited to recovering the cost of curing *797 any such substantial defects. Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La. 1973).
"The buyer must prove that the defect existed before the sale was made to him. Article 2530. However, if he proves that the product produced is not reasonably fit for its intended use, it is sufficient that he prove that the object is thus defective, without his being required to prove the exact or underlying cause for its malfunction. J. B. Beaird Co. v. Burris Bros., 216 La. 655, 44 So. 2d 693 (1949); Crawford v. Abbott Automobile Co., Ltd., 157 La. 59, 101 So. 871 (1924); Stumpf v. Metairie Motor Sales, Inc., 212 So.2d 705 (La.App. 4th Cir. 1968); Fisher v. City Sales and Service, 128 So.2d 790 (La.App. 3d Cir. 1961).
"The buyer may prove the existence of redhibitory defects at the time of the sale not only by direct evidence of eyewitnesses, but also by circumstantial evidence giving rise to the reasonable inference that the defect existed at the time of the sale. Fisher v. City Sales and Service, 128 So.2d 790 (La.App. 3d Cir. 1961); Mattes v. Heintz, 69 So.2d 924 (La.App.Orl.1954); Standard Motor Car Co. v. St. Amant, 18 La.App. 298, 134 So. 279 (La.App. 1st Cir. 1931). As stated in Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151, 155; `* * * proof by direct or circumstantial evidence is sufficient to constitute a preponderance when, taking the evidence as a whole, such proof shows the fact or causation sought to be proved is more probable than not.'
"If the defect appears within three days following the sale, it is presumed to have existed before the sale. Article 2537. However, even where the defect appears more than three days after the sale (as here, when it appeared on the second day of use, but ten days after the sale), if it appears soon after the thing is put into use, a reasonable inference may arise, in the absence of other explanation or intervening cause shown, that the defect existed at the time of the sale. Andries v. Nelson, 46 So.2d 333 (La. App. 1st Cir. 1950); Standard Motor Car Co. v. St. Amant, 18 La.App. 298, 134 So. 279 (La.App. 1st Cir. 1931). See, for similar principle, when a constructed thing fails shortly after being put into use. Joyner v. Aetna Casualty & Surety Co., 259 La. 660, 251 So.2d 166 (1971)."
Appellant argues firstly that plaintiff has failed to prove the existence of latent defects existing at the time of the sale. As previously noted some defects appeared as soon as the mobile home was put into use. Others continued to develop over a period of three to five months. The nature of the defects and their manifestation shortly after purchase of the mobile home compels the conclusion that they result from poor workmanship and materials and were in existence on the date of the sale.
Secondly, appellant contends plaintiff has failed to prove the vices and defects were not the result of his own actions, that is, installation of the air conditioning system, removal of the wheels and wear and tear. Again, the nature and extent of the defects does not bear out defendant's contentions.
Appellant contends thirdly that such defects as do exist are relatively minor in nature and can be easily repaired at no great cost, citing R. O. Roy & Company, Inc. v. A & W Trailer Sales, 277 So.2d 204 (La.App. 2d Cir. 1972). The Roy case is distinguishable on its facts and the extent of the defects. In Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La. 1973) the Supreme Court held the notion that easily repaired defects do not support redhibition is not found in our statutory law. To prevail in an action for redhibition a purchaser need not prove that the alleged defect is difficult to repair. The purchaser need only prove defects which *798 render the thing sold either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice. The proven defects in this case meet that test.
Appellant urges next that plaintiff never made a tender of return of the mobile home, a prerequisite to bringing an action in redhibition. After numerous efforts to repair the mobile home plaintiff's attorney made written demand upon the manufacturer to immediately contact his office to make arrangements for an exchange or cancellation of the entire transaction. It is our opinion such action constituted the requisite tender. See Breaux v. Winnebago Industries, Inc., 282 So.2d 763 (La.App. 1st Cir. 1973).
Finally, appellant contends that plaintiff is barred from rescinding the sale because of his continued use of the trailer and is entitled at most to a diminution of the purchase price. Plaintiff and his family have continued to live in the mobile home even after the filing of suit. The evidence is that it would have been financially difficult or even impossible for plaintiff to do otherwise in view of his investment in the mobile home and his obligation to meet the monthly payments on the mortgage. Until this lawsuit is concluded no reasonable alternative was available to plaintiff except to continue to live in the mobile home. The reasoning of the court in the Breaux case supra is applicable here:
"* * * The evidence clearly shows that the plaintiff never intended to relinquish his right to rescind, but made only such use as the practicalities of the situation necessitated. Almost universally mortgages on vehicles are not held by holders in due course. Where a seller has refused tender if a buyer cannot make such limited use of the defective vehicle as his situation requires and the limitations of the object itself allows, the buyer is left no recourse but to forego his action or try to purchase a second vehicle while paying for the first. This latter situation is one that the average buyer is unable to afford."
The trial court correctly held that plaintiff's continued use of the mobile home under the circumstances did not bar his claim for rescission of sale and also correctly allowed defendant a credit against the return of the purchase price for the monthly rental value of the mobile home during the period of time it was used by plaintiff.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.