(110 So. 102)

No. 25947.

## McCARROLL LUMBER CO., Limited, v. PATENOTTE.

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

1. Sales ⟋441(3).

Where buyer of tractors permitted them to be operated by incompetent persons and did not establish unfitness for work for which they were sold and warranted, rejecting demand for rescission was not error.

2. Sales ⟋439.

Plaintiff, suing to rescind sale of tractors for failure to comply with warranty, has burden of showing them incapable of performing work for which they were sold and warranted.

3. Sales ⟋130(1).

Where new tractors were substituted by seller on suggestion of factory, seller sued for rescission of contract could not recover on reconventional demand for additional tractors.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Action by the McCarroll Lumber Company, Limited, against Leon J. Patenotte to rescind a contract of sale of tractors. From a judgment rejecting both plaintiff's demand and defendant's reconventional demand, plaintiff appeals, and defendant prays for amendment of judgment by allowing his reconventional demand. Affirmed.

Purser & Magruder, of Amite, for appellant.

Shelby S. Reid, of Amite, for appellee.

OVERTON, J. Defendant sold to plaintiff, for $3,000 cash, a JT tractor,, representing that it was suitable for use in logging its sawmill. Plaintiff used the tractor for a few days and, finding that it worked satisfactorily up to that time, and receiving notice from defendant that tractors of this make were likely to rise in value shortly, purchased a second one at the same price and upon the same terms as the first.

Each of the tractors was sold under the following guaranty, in addition to the representation that they were suitable for the logging business, to wit:

"Confirming my conversation with your Mr. McCarroll, beg to advise I guarantee the JT tractor sold you against all defective parts and workmanship for a period of one year, and further guarantee to replace any part of the track of said tractor that might become worn and useless within a period of one year from date hereof."

During the first few days that the tractors were used they gave plaintiff satisfaction. At the expiration of that time, they began giving trouble, parts of the machinery breaking or burning out. Defendant replaced the broken and burnt-out parts, and on one or more occasions sent a mechanic to make repairs on the machines. Some two or three months after the machines were sold to plaintiff, defendant replaced them, of his own accord, with two others sent him by the factory. The new tractors had a heavier frame than those which they replaced, and were built in some respects slightly different from the first. After the new tractors had been used for a few days they began giving trouble, parts of the machinery breaking, and parts of it burning out, as was the case with those they replaced. Defendant again supplied the parts that had broken or burned out. Finally, several months after the new machines had been in use, defendant, upon receiving complaint as to their condition, and as to their inability to do the work, which they were represented as being able to do, sent a man to overhaul the machines and put them in repair. After they were put in repair, they were taken some distance into the woods and put to work. Very shortly thereafter they again broke down. Plaintiff then notified defendant that the tractors were at its disposal, and demanded the return of

the amount paid for them. This resulted in a proposition, made by defendant which plaintiff announced its willingness to accept, whereby defendant was to send two men to operate the tractors for 30 days, and, if they worked successfully, this should be deemed proof conclusive that the tractors were as they were represented to be when sold. This proposition, however, was never consummated, due to the fact that, after the last breakdown, the tractors had so deteriorated and rusted, because of exposure to the weather, that they could not be repaired without great expense.

Several months after the foregoing proposition was made, plaintiff brought the present suit to rescind the sales by which he bought the tractors, basing his cause of action upon allegations to the effect that the tractors failed to fulfill the representation and warranty under which they were sold, in that they were of defective construction, and were made according to a design which renders them unfit and too weak to be used in logging.

For answer, defendant denies that the tractors were of faulty construction and avers substantially that the trouble encountered by plaintiff was due, not to faulty construction, but to the improper manner in which the tractors were cared for and handled. Defendant also avers that the first two tractors were abused and improperly operated by plaintiff, and that he replaced them in ignorance of that fact, and that plaintiff, having accepted them under such circumstances, should pay for all four of the tractors and not merely for the two for which it paid, and prays for judgment in reconvention for $6,000, the value of the two additional tractors.

The trial court, after hearing the evidence, rendered judgment rejecting both plaintiff's demand and defendant's reconventional demand. Plaintiff has appealed from the judgment rendered, and defendant has answered the appeal by praying that the judgment be amended by allowing his reconventional demand.

[1] The question presented is purely one of fact. The record leaves no question that plaintiff encountered considerable trouble and met with numerous breakdowns in operating the tractors. Our review of the record, however, leads us to the conclusion that these breakdowns were due, not to the alleged faulty construction of the tractors, nor to their alleged unfitness for the work which they were sold to perform, but to the manner in which they were operated. They were permitted to be operated by men who, while skilled in logging with oxen, were not competent to handle machinery of high power. As a result, the tractors were operated without due regard being had with reference to their lubrication, and without proper regard being paid to the directions prescribed for the operation of the machines. As a result, the trouble occurred.

[2] Because of the manner in which the machines were operated, we are unable to say that they were incapable of performing the work which they were sold and warranted to perform. The burden was on plaintiff to show that they were not, and it has failed in this respect. With respect to the furnishing of parts to supply those broken, it appears in every instance, save one, that defendant supplied the broken parts when notified to do so, and apparently without reference to the cause of breakage; that is, without reference to whether or not the parts broke because of defective workmanship or material. In the instance in which defendant did not supply the broken parts, which was upon the occasion of the last breakdown, defendant was not only not notified to supply those parts, but instead plaintiff notified him of its intention to rescind the sale and demand the return of the purchase price, which would indicate that the supplying of the broken parts would

not have sufficed. Our conclusion is that the trial court did not err in rejecting plaintiff's demand.

[3] As relates to the demand filed in reconvention by defendant, we are also of the opinion that the trial judge correctly disposed of it. It would be unjust to permit defendant to recover the value of the two tractors which were substituted for the first two. The substitution was made by defendant upon the suggestion of the factory, at a time when it was uncertain whether the frames on the first tractors were sufficiently heavy for logging. Plaintiff did not ask that the substitution be made, and should not be required to pay for the two substituted tractors now, at least in the absence of fraud or bad faith upon its part.

For the reasons assigned, the judgment appealed from is affirmed.