ELLIS, Judge.
This action is predicated upon a promissory note dated May 5, 1948 signed by the defendant and payable to the order of Norris Garbarino. The note was endorsed by the payee to the order of H. B. Langlinais, plaintiff herein. The principal of the note is $500, due November 1, 1948, and provides for interest at 6% per annum from date until paid, plus 10% attorney’s fees incurred in its collection, including principal and interest.
The note represents the credit portion of the consideration for the purchase of a power unit bought by the defendant from the plaintiff, Langlinais, and Norris Gar- *275 barino, who were at the time of the purchase operating a commercial partnership engaged in selling machinery. This partnership was terminated about August 15, 1948 and Garbarino, the payee of the note, on October 15, 1948 transferred it to Lang-linais in final settlement of the partnership business.
In defense to the suit upon the note the defendant alleged that the power unit bought by him when sold and delivered had such vices and defects as to render its use so inconvenient and imperfect that he would not have purchased it had he known of these defects, and as a result thereof he was forced to spend an amount in excess of the face value of the note for repairs to the unit, and consequently the consideration for the note had failed and the plaintiff, as a partner in the business, had full knowledge of the defects and was not a holder in good faith.
The defendant elected not to avoid the sale, but demanded that the purchase price be reduced to the extent of the amount represented by the noté, basing his demand on the provisions of the Revised Civil Code.
“Article 2520 [2496] (N 1641). Definition of redhibition. — Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
“Article 2541 [2519] (N 1644). Defect in thing sold — Reduction of price. —Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price.”
“Article 2544 [2522], Action for reduction — Rules governing. — The action for a reduction of price is subject to the same rules and to the, same limitations as the redhibitory action.”
The District Court, with written reasons, rendered judgment in favor of the plaintiff as prayed for, and the defendant has prosecuted this appeal.
• With full appreciation of our statutes and jurisprudence interpreting the redhibitory action, this appeal resolves itself into an examination of the evidence as to what vice or defect existed at the time of the sale.
The Codal provisions pertaining to the avoidance of a sale because of some vice or redhibitory defect in the thing sold are Articles 2520 through 2548. They provide the purchaser must prove the defect existed at the time of the sale. Article 2530 states:
“Vice — Existence before sale — Proof. —The buyer who institutes the redhibi-tory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale.”
• The power unit was guaranteed to operate satisfactorily for a period of ninety days, was installed by the vendor partnership on May 13, 1948, but at the time of the installation the defendant was not ready to use it, so it was agreed he would give notice when he was ready and the partners would return and start the unit. On or about May 24, 1948 notice was given and both partners started the engine, which was put into operation and continued satisfactorily for about fifteen days, when it started smoking. The vendors returned, made some adjustments, and thereafter, during the ninety day period, made further repairs and adjustments. On July 2, 1948 Garbarino, at the request of the defendant, examined the engine, found it was burning too much oil, and changed the rings, the defendant paying for the labor. Garbarino testified that the cause of the engine burning too much oil was due to it being overloaded and that the defendant had the wrong type of pulley on the engine. On July 23, 1948, without being requested to do so, he returned and checked the engine again, testifying it was running faster than he had instructed the defendant to run the machinery and that a wrong pulley was being used. He further *276 stated the engine was running properly on August 1, 1948.
On August 10, 1948 the defendant had an expert mechanic from another firm check the unit, who found the pistons and main bearing broken, and who completed an over-hauling job, and who testified that the condition he found was due to over-loading. He stated the engine was “pulling more horse-power than it should”, that little else could have caused the damage, and “none of those things that could have caused it appeared in it.” This witness, Frank R. Marshall, was the defendant’s witness.
The trial "Judge was of the opinion the testimony of the other witnesses for the defendant did not support the allegations of the answer.
A buyer relying upon the redhibi-tory action must bear the burden of proof to establish the vice existed before the sale was made to him. Schexnayder v. Stansbury, La.App., 45 So.2d 545; Chas. A. Kaufman Co. v. Gillman, La.App., 142 So. 159; Womack v. Lafayette Furniture Co., La.App., 50 So.2d 843. These cases show Civil Code Article 2530 expressly places the burden of proof on the buyer, and the same rule applies' even though a reduction of price is sought rather than a complete rescission of the sale.
 Since the evidence discloses the defendant has not borne the burden placed upon him to prove the vices complained of existed at the time of the sale or soon enough thereafter to be presumed to have existed then, and in view of the fact the failure of the.machinery was due to overloading the engine and using an improper pulley, against which the vendee had been cautioned, we agree with the findings of the Court below.
It appears the repairs made to the engine became necessary only because of the failure of the defendant to follow the instructions given by the vendor. The wrong type of pulley was used, and Gar-barino warned the. vendee as to this, and also pointed out to ¡him he was overworking the unit. This negligence and fault upon the part of the buyer relieved the vendor of any warranty of satisfactory performance, either express or implied. McCarroll Lumber Co., Ltd., v. Patenotte, 162 La. 99, 110 So. 102; Scott v. Boylston, La.App., 177 So. 812.
The judgment of the District Court is affirmed.