GLADNEY, Judge.
This suit is on a promissory note executed by defendant as part consideration for certain used laundry equipment purchased from Atlas Laundry Machinery Company, Inc. The defendant, John S. Baden, admits-execution of the note and that he made two payments thereon of $200 each on July 25th and November 6, 1952, but denies liability, asserting he is entitled to a rescission of the sale, or, alternatively, to a reduction in price because of vices in the machinery which substantially deprived him of its use.
After trial, judgment was rendered in favor of plaintiff for the balance claimed on the note. The decree rejected demands in reconvention by the defendant for return of the sums paid on the purchase price and for damages. Aggrieved by the decision defendant has appealed. Appellee has answered the appeal to bring to our attention pleas of estoppel and a plea of prescription of one year, both directed at the reconventional demands and which pleas the trial court found it unnecessary to pass upon.
This litigation arises from a transaction in which J. Edward Chaignaud, representing the Atlas Laundry Machine Company, Inc., of New Orleans, entered into an oral agreement by the terms of which Baden purchased four pieces of used laundry equipment for $2,800, of which sum $1,500 was paid in cash on January 25, 1952, and for the balance Baden executed his promissory note due six months after date in favor of the vendor. On November 25, 1952, Chaignaud became the owner of this note, receiving-it as part payment for stock sold the Atlas Laundry Machinery Company, Inc.
In resisting payment defendant alleges plaintiff represented the machinery which, he bought was practically new and warranted to be in first class condition capable of performing the work for which it. was purchased. He avers further that after said machinery had been in operation only three days, it began to give trouble, required repairs and thereafter from time to time it frequently broke down. Alleging that the .equipment purchased contained vices and defects which rendered it more or less useless, he. declared he would not have purchased the machinery had he known of its vices.
■ Baden testified plaintiff represented the machines had been operated only about five or six months and were in good condition. He says he found out later the machines were sold new about November 21, 1950, and were used for a longer period than represented. He also related he has since discovered the machines were in the Star Laundry of New Orleans, when that place was damaged by a fire. The evidence discloses the machinery purchased by the defendant was sold to the Star Cleaners on November 21, 1950, and the latter business was burned in April of the year 1951.
In December of 1951 Baden, accompanied by his son-in-law, Webb, went to New Orleans where he inspected the machinery which was in a warehouse with a number of other machines that had suffered fire damage. Chaignaud testified he does not remember telling Baden of the fire, but thought it unnecessary to do so because its appearance showed the machinery had been in a fire. Chaignaud, Robert Green and Leon Toy testified that before delivery to Baden the machines were taken down and all damaged parts were replaced to that *78 when shipped to Alexandria they .were ;in good operating condition. On January 25, 1952, one of the machines was demonstrated to the satisfaction of the defendant, at which time some three or four dozen shirts were run through it. Notwithstanding the satisfactory test, defendant states a few days later the same machine broke down requiring the services of Jesse Vaughn, who made repairs by replacing a rubber diaphragm. Vaughn on another occasion was called in and found the trouble was due to an absence of oil in the snubbers, the effect of which was to prevent the press from closing properly. It was testified that on other occasions H. D. Barron, an automobile mechanic, had to work on the shirt machine. These repairs required replacement of broken springs, valves, pistons and diaphragms; To show the machinery did not substantially perform the services for which it was intended, various employees were called who testified in a general way the machinery did not operate satisfactorily. The testimony of these witnesses relates to minor troubles attributed to such things as worn rubber gaskets and diaphragms. It is not indicated major repairs were required. Shut-downs seemed to have been of short duration. It is noticed five of defendant’s witnesses were not in defendant’s employment until eight to nine months after the subject machinery was installed.
It appears significant that defendant’s evidence fails to disclose a major breakdown which required the machines to be idle for a substantial period of time. The district court observed, correctly we think, that the causes of the trouble related principally to movable parts which normally wear out during the operation of such machines.
This action was filed November 15, 1954, approximately two years and nine months after the machines were installed. Chaignaud testified without contradiction that at the time of trial the defendant was still operating the machines. We consider it material that despite Baden’s testimony the machines constantly gave trouble he made a payment of $200 on July 25, 1952 and a like sum on November 6, 1952. Baden attempts to explain by saying the two payments were made on the shirt folding machine which did not give any trouble. We are not impressed with this explanation. The record discloses a single transaction involving the sale of four pieces of laundry equipment for the sum of $2,800. In the absence of specific application the payments must be credited to the total indebtedness. It should also be observed that the defendant never demanded the return of the cash paid. Notwithstanding claims that the machinery was so defective as to be practically useless, the record shows the defendant constantly used the machinery since its purchase, and at the time of trial it was still in operation.
Defendant’s principal defense is one of redhibition, defined by Article 2520 of the LSA-Civil Code as: “ * * * the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.” The LSA-Civil Code also requires the buyer relying on the redhibitory action to prove the vice existed prior to the sale, except where it made its appearance within three days following the sale in which event it is presumed to have existed before the sale. Article 2530. To sustain this defense, it was therefore, incumbent upon Baden to show that on account of some defect the machinery purchased by him was useless or its use so inconvenient and imperfect had he known of the defects, he would not have purchased it. The burden of proof was on the defendant. In Langlinais v. Soileau, La.App., 1952, 58 So.2d 274, 276, the court stated;
“A buyer relying upon the redhib-itory action must bear the burden of proof to establish the vice existed before the sale was made to him. Schexnayder v. Stansbury, La.App., 45 So.2d 545; Chas. A. Kaufman Co. v. Gillman, La.App., 142 So. 159; Womack v. Lafayette Furniture Co., La. *79 App., 50 So.2d 843. These cases "show Civii Code Article 2S30 expressly places the burden of proof on the buyer, and the same rule applies even though a reduction of price is sought rather than a complete rescission of the salé.”
Respondent’s alternative demand is .for a reduction in price as provided for in Articles 2541 and 2542 of the LSA-Civil Code, which read:
Article 2541:
“Whether 'the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or- whethér it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price.”
Article 2542:
“The buyer may also content himself with resorting to this action, when the quality, which the thing sold has been declared to possess and which it is found to want, is not of such importance as to induce him to demand a redhibition.”
The conduct of defendant as evidenced, first, by his making payments on the note instead of demanding the return of his initial payment of $1,500, and secondly, by his continued use of the equipment for nearly three years is inconsistent with his claim the machinery was useless. We think he has failed to show by a preponderance of the evidence the defects and the vices complained of were of such a character as to justify a rescission of the sale or a reduction in price. ■
On this appeal plaintiff has re-urged pleas of estoppel and prescription of one year which were not passed upon in the trial court. The plea of estoppel is directed at the demands made by the defendant in reconvention and is as follows: “That the defendant, John S. Baden, is estopped of making any of his demands in reconvention even if such demands could be made against plaintiff by reason of the payments admittedly made by defendant on July 25, 1952, and November 6, 1952, and said es-toppel is specially plead.” The plea of prescription of one year arises under Article 2534 of the LSA-Civil Code. We refrain from directly passing upon the above referred to pleas, and it. is-unnecessary that we do so since we have concluded the reco'nventional demands are not adequately supported by evidence.
In deciding plaintiff is entitled to judg-irient and that-the demands of the defendant in reconvention have not been established by a preponderance of the evidence, we are supported in these views by the full and lucid opinion of the district court. Finding no errors in the judgment from which appealed, it is hereby affirmed at appellant’s cost. ■