HAMLIN, Justice.
 

 Defendant, Donald Petrere, doing business as Scenic Trailer Sales, appeals from a judgment of the trial court which dissolved and set aside the sale of a 1952 Kit Companion trailer because of a redhibitory vice and awarded plaintiff, Mrs. Catherine Dougherty, $2,055, the full amount of the purchase price.
 

 In the latter part of 1956, plaintiff, an elderly widow of approximately sixty-nine years of age, who was living in an old trailer which had become uninhabitable, was interested in purchasing a house trailer which she hoped would last her the remainder of her life. Her income from Social Security was meager. She solicited the assistance of her friend, Mrs. C. D. Allen, in locating a two-door aluminum trailer, and while she was away on a trip Mrs. Allen spoke with the defendant, who advised her that he had a second-hand trailer which he thought would fulfill Mrs. Dougherty’s requirements. Upon her return, Mrs. Dougherty went to defendant’s trailer lot with her friend; they physically examined the 1952 Kit Companion trailer herein involved and were satisfied that it was just what Mrs. Dougherty wanted. Mr. Petrere represented to Mrs. Dougherty that the trailer was of aluminum construction, basing his assertions upon statements made in a trailer guide book. None of the parties climbed upon the trailer’s roof.
 

 On January 5, 1957, Mrs. Dougherty purchased the trailer for a cash consideration of $1,995, plus tax of $60 ($2,055). The act of sale read: “This car accepted as is, except for the repairs listed.”
 
 [1]
 

 Approximately one month after the date of purchase, Mrs. Dougherty was able to make financial arrangements for payment of the trailer, and it was then moved by defendant to a site selected by Mrs. Dougherty. However, because of the condition of the ground (wet and soggy), the trailer was not placed on the spot of permament location nor was it occupied by Mrs. Dougherty at that time. A short time later, Mr. Jewell Mason, with some difficulty, moved the trailer to the spot of occupancy.
 

 Mrs. Dougherty spent her first and only night in the trailer in the early part of March, 1957, at which time there was a heavy rain which caused considerable leakage of water into the trailer accompanied by property damage. Close inspection of the roof revealed that it was hole pitted
 
 [2]
 
 and of masonite construction instead of
 
 *292
 
 aluminum; that there were seam cracks around the trailer’s roof ventilator located under a water air cooler (possibly 2^ sq. ft. by
 
 21/2
 
 ft. high) ; that light was visible through the cracks; and that the general condition of the roof was bad.
 

 Mr. Petrere was informed of the condition of the roof and of the damage suffered by Mrs. Dougherty, and he suggested that she secure an estimate of the cost of repair. She obtained an estimate of $150, which Mr. Petrere refused to pay. Mr. Petrere secured two estimates—one for $100 and one for $75—which he refused to accept.
 

 Mrs. Dougherty, who was residing in her old trailer but continuing • to make payments
 
 [3]
 
 on the instant trailer, referred the matter to the Better Business Bureau. The Bureau contacted Mr. Petrere and informed him of the deplorable state of the roof, but it concluded negotiations when informed that an adjustment was being offered to Mrs. Dougherty.
 

 Mrs. Dougherty declined an offer of an adjustment of $50 from the purchase price and brought the instant suit. She alleged that the trailer leaked badly, causing it to be unlivable and useless for her purposes which she had declared to defendant at the time of sale; that she had never lived in the trailer (other than the first night), because of dampness caused through leakage; that the trailer contained defects and vices which could not have been discovered by simple inspection; that she was not aware of the existence of same, and that they were not declared by defendant, who gave his guarantee and warranty against any and all defects or vices; and that the failure of the defendant to apprise her of the existence of the defects and his false statements constituted fraud and bad faith entitling her to return of the purchase price. Plaintiff alleged tender, which was admitted by defendant in his answer; defendant’s answer was otherwise in the form of a general denial.
 

 The trial court was of the opinion that “such a damage is and such a condition which is shown to exist is one which comes within the purview and meaning of redhibitory vice; that had Mrs. Dougherty known that the roctf was a composition roof in the condition that it was in prior to purchasing the trailer and that future maintenance costs would, of necessity, follow, she would not have purchased same.”
 

 Appellant contends that the judgment of the trial court should be reversed because of the following reasons:
 

 “1. The plaintiff herein has failed to prove that a redhibitory device existed and certainly has failed to prove such device existed at the moment of the sale.
 

 
 *294
 
 “2. Even, assuming the proof of a redhibitoy device existing at the moment of the sale, unless the parties to the transaction can be placed in a similar position to that at the time of the sale, rehibition should not lie.
 

 “3. If such a situation as the foregoing presents itself the Court should order a reduction of price only.
 

 “4. On the question of the amount, should a reduction of price be ordered, the basis should not be the replacement of a new roof on the old second hand trailer purchased, but rather the cost of a usable roof of the same age and composition as the one purchased.
 

 “5. A judgment that is based upon evidence received over valid objection ' that it enlarged the pleadings, should not stand.”
 

 The evidence discloses conclusively that the trailer leaked excessively the first night plaintiff occupied it. Not being able to make an amicable settlement with defendant, she had no other recourse than to leave the trailer unoccupied. Plaintiff alleged in Article VII of her petition that she tendered the trailer to defendant; defendant in Article VII of his answer admits Article VII of plaintiff’s petition. Both counsel admitted the tender during argument in this Court.
 

 A review of the evidence convinces us that Mrs. Dougherty was sincere in expressing her desires and needs to defendant at the time she purchased the trailer. She definitely informed him of the purpose for which she wanted the trailer, namely, a home.
 

 Defendant had purchased the trailer from Major Walter S. Black, on approximately December 1, 1956. Major Black, whose vendor was not available at the time of trial, had bought the trailer for trade-in purposes and had had it for only three weeks; he testified that he had no difficulty with leakage during his short period of ownership. Mr. Petrere truthfully believed that the trailer was constructed of aluminum; he had not, however, concerned himself with close inspection or observation of the roof. There was no bad faith or fraud on his part, just mistaken belief.
 

 The seller warrants the buyer against the hidden defects of the thing sold or its redhibitory vices. Article 2476, Revised Civil Code.
 

 The vendor warrants the thing sold to be fit for the purpose for which it was intended. Roses v. Patorno, 2 La.App. 292.
 

 “Under Article 2476 of the Civil Code, the warranty against hidden defects and redhibitory vices is implied in every contract of sale unless expressly excluded, see Nelson v. M. C. M. Truck Lines, 209 La. 582, 25 So.2d 236, * * * ” Radalec, Inc. v. Auto
 
 *296
 
 matic Firing Corp., 228 La. 116, 81 So. 2d 830, 833.
 

 “Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.” LSA-C.C. Art. 2520.
 

 “Apparent defects, that is, such as the buyer might have discovered ■ by simple inspection, are not among the number of redhibitory vices.” LSA-C.C. Art. 2521.
 

 “The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. * * *” LSA-C.C. Art. 2530.
 

 “A sale may be rescinded at the instance of the buyer on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient or imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice. R.C.C. art. 2520; but the buyer who institutes the redhibitory action must prove that the vice existed before the sale was made to him. R.C.C. art. 2530; Chas. A. Kaufman Co. v. Gillman, La.App., 142 So. 159, and cases therein cited.” Schexnayder v. Stansbury, La.App., 45 So.2d 545, 547. See, Langlinais v. Soileau, La.App., 58 So.2d 274; Chaignaud v. Baden, La.App., 81 So.2d 76.
 

 Applying the law to the facts of this case, we find that plaintiff bore her burden of proving that the trailer possessed a latent defect; that such defect, although it had not manifested itself, existed before plaintiff purchased the trailer; that the defect was not apparent; that the defect rendered the trailer useless to plaintiff; and, that the trailer was unfit for the purpose for which plaintiff purchased it.
 

 Redhibition does not lie where a purchaser has sold or used property to such an extent that it cannot be returned to the seller in substantially the same condition as when sold. Poor v. Hemenway, 221 La. 770, 60 So.2d 310; Reech v. Coco, 223 La. 346, 65 So.2d 790. But, the facts of the instant case show that plaintiff notified the defendant of the trailer’s leakage immediately after its occurrence, and that she fruitlessly attempted to have him repair the trailer. Tender was made, supra. Plaintiff is, therefore, not responsible for the trailer’s present condition of deterioration.
 

 While it is true that in redhibitory actions a reduction of the price may be decreed, LSA-C.C. Article 2543, we do not find that this case justifies such action.
 

 
 *298
 
 Plaintiff attempted to enlarge the pleadings by evidence, but the record discloses that the trial court restricted her testimony to the condition of the roof of the trailer.
 

 For the reasons assigned, the judgment of the trial court is affirmed. All costs are to be paid by appellant.
 

 HAWTHORNE, J., absent.
 

 [1]
 

 . No repairs were listed.
 

 [2]
 

 . These holes had the appearance of having been previously stopped up with putty.
 

 [3]
 

 . These payments were made to finance companies.