GLADNEY, Judge.
Suit was instituted on a promissory note with attached chattel mortgage executed by defendant as consideration for two refrigerated display cases purchased from Super-Cold Southwest Company in May of 1954. The note and mortgage were purchased by plaintiff on August 12, 1955. Defendant, by reconventional demand alleging redhibi-tory vices of the equipment, sought rescission of the sale and, alternatively, requested damages for food spoilage and repair bills occasioned by the equipment’s failure to function as represented by the vendor. The lower court sustained pleas of prescription and estoppel directed to the recon-ventional demand, and rendered judgment for plaintiff in the amount of $1,753, representing the unpaid indebtedness, with interest and attorney’s fees as prescribed by the note, and further recognized plaintiff’s vendor’s lien and chattel mortgage on the two display cases. Defendant appeals sus-pensively from that decree.
Defendant executed the negotiable promissory note, containing the usual acceleration clause, in the amount of $3,323 as consideration for the purchase of a used vegetable display case and a new meat dis *461 play case. Vendor, Super-Cold Southwest Company, a Texas domiciliary, maintained a branch office in New Orleans from which this sale was negotiated, but which was closed prior to the execution of'the note and mortgage herein involved. Although defendant alleges that defects in the cases were discovered within three days of their delivery, payments were made from May of 1954 to August of 1955, leaving a balance of $1,753.
Defendant contends that the lower court erred in: (1) sustaining the plea of prescription of one year in disregard of LSA-C.C. art. 2534, which provides for suspension of prescription to redhibitory actions during the vendor’s absence from this State; and (2) in holding that plaintiff had sufficiently established the basis for a plea of estoppel.
Redhibition is defined in LSA-C.C. art. 2520 as the avoidance of a sale on account of some vice or defect in the thing sold. Article 2534 provides:
“The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
“This limitation does not apply where the seller had knowledge of. the vice and neglected to declare it to the purchaser.
“Nor'where the seller, not being-domiciliated in the State, shall have absented hims.elf before the expiration of the year following the sale; in which' case the prescription remains suspended during his absence.”
Plaintiff’s plea of the prescription of one year, restricted to the alternative allegation of defendant’s reconventional demand for damages from food spoilage, was correctly sustained.
Likewise, we can discern no manifest error in the lower court’s sustaining of-plaintiff’s plea of estoppel to the redhibitory action in reconvention. Moreover, the record reveals that regular monthly payments were made by defendant for more than a year after the sale; that defendant declared by letter of July, 1955, his intention to continue such payments; and that defendant was apparently using the display cases at the time of the trial. These circumstances bring the situation within the rule of Chaignaud v. Baden, La.App., 2 Cir., 1955, 81 So.2d 76, wherein the court stated:
“The conduct of defendant as evidenced, first, by his making payments on the note instead of demanding the return of his initial payment of $1',500, and secondly, by his continued use of the equipment for nearly three years is inconsistent with his claim the machinery was useless.” Id., at page 79.
In accord are: Fairbanks, Morse & Company v. Boney, 1924, 156 La. 729, 101 So. 122, and Scott v. Boylston, La.App., 2 Cir., 1937, 177 So. 812.
The judgment from which appealed is affirmed at appellant’s cost.