GLADNEY, Judge.
Alleging redhibitory vices of a vacuum cleaner purchased from defendant, the petitioner sues for reimbursement of the cost price and expenses incurred in connection with the sale, totaling $244.00. After issue was joined by answer in the nature of a general denial, trial was had and resulted in a judgment in accordance with the prayer of plaintiff’s petition. From this decree defendant has appealed.
In brief before this court counsel for appellant argues that the trial judge based his decree solely upon the fact that the machine remained in the possession of the defendant after being returned by the plaintiff, and that “the natural presumption is that the defendant resold the machine.” Counsel further argues that plaintiff failed in his efforts to prove any redhibitory defects or vices and contends that the mere act of plaintiff’s abandonment of the machine on defendant’s premises, contrary to the latter’s consent, failed to effectuate a deposit which defendant was obligated to preserve.
The record discloses that plaintiff and his wife testified they became unhappy when they could not properly operate the *59 machine and that it exhibited certain defects; that they sought in vain to get the vendor to remedy the trouble, and in its condition it was worthless for the purpose for which it was purchased. The machine was then left at defendant’s place of business, although at the time plaintiff was informed the defendant would not accept a return of the machine as plaintiff’s note given for the purchase price had been negotiated. Nonetheless, plaintiff left the machine on the premises. Trial was had on January 3, 1962, some six months after the date of the purchase of the vacuum on August 29, 1961. At the time of the trial the defendant did not satisfactorily account for the whereabouts of the machine, although it apparently disappeared and the trial judge seemed to be of the opinion it had been resold. He made this comment:
“This Court feels that, if defendant considered the machine operational, it was his duty to re-deliver the machine to plaintiff’s home, or at least to offer to deliver it, and as a last resort, defendant should have preserved the machine for subsequent delivery to plaintiff or by a proper showing in Court that the machine was, at the time of trial hereof, being held for plaintiff whenever he should demand it.
“This case is unlike one where a total stranger should have left property with defendant. Plaintiff was no stranger to defendant. Defendant had enjoyed the profits of a business transaction with plaintiff. Therefore, there was a real consideration — the sale itself and the execution of the promissory note from which defendant realized the purchase price by transfer to a third person, a loan company. It is on this basis solely that this Court awards plaintiff judgment as prayed for.”
After a review of the record, however, we are of the opinion plaintiff is entitled to a judgment decreeing an annulment of the sale for .redhibition, for the evidence supports a finding of vices and defects which rendered the machine worthless for the purpose for which it was purchased.
The action of redhibition, which plaintiff instituted in the present case, arises when a defect or vice in the thing sold renders it either absolutely useless, or its use so inconvenient that the buyer would not have purchased it had he known of the vice. Article 2520 (LSA-Civil Code. The most common basis for avoiding a contract of sale on the grounds of redhibition is that the thing was not “fit for the purpose for which it was intended.” Dougherty v. Petrere, 240 La. 287, 123 So.2d 60 (1960); Savoie v. Snell, 213 La. 823, 35 So.2d 745 (1948).
For the reasons hereinabove set forth, the judgment is affirmed at appellant’s cost.