GLADNEY, Judge.
The defendant, N. W. Nethercutt, has appealed from an adverse judgment predicated upon a promissory note dated May 8, 1963 representing the purchase price of a new haymower with various attachments. Other demands by the defendant and the plaintiff, Tri-State Tractor Company, were rejected in the decree.
Through answer, appellant avers the machinery purchased by him was subject to such redhibitory vices that it was rendered useless for the purposes for which it was purchased. The trial court resolved the case on the issue as to whether or not Nethercutt had carried the burden of proof which the law imposes upon the buyer in a demand based on LSA-C.C. art. 2520. Langlinais v. Soileau, La.App., 58 So.2d 274 (1st Cir.1952); Chaignaud v. Baden, La. App., 81 So.2d 76 (2nd Cir.1955). Reasons for judgment assigned by the trial court disclose the issues were factual in nature and the decision turned largely upon the credibility of some of the witnesses.
The Court stated:
“We think the defendant, Mr. Nether-cutt, the plaintiff in reconvention, has failed to sustain the burden of proving-that these two mowing machines were subject to redhibitory vices. The evidence convinces the Court that the two. machines wore out. Why they wore out has not been proved by the defendant. At least the defendant has not proved that these two machines wore out more quickly than they should have under the conditions in which they were used.”
******
“The witnesses, two service men employed by Tri-State Tractor Company,, nevertheless, apparently honest in their testimony, had testified that the evidence indicated to them that the machines had been operated dry, and that it (sic) was not properly lubricated.”'
Nethercutt was engaged in custom hay-bailing and testified that during the hay season of 1962, he cut approximately 250,-000 bales of hay, operating in Louisiana, Arkansas and Texas. This was accomplished with the aid of two haymowers, several tractors and necessary labor. It was testified that the 1963 season involved in this suit was abnormally dry, the hay was thin, and the work more than normally burdensome upon the machinery so used. The record does not disclose exactly how much hay was harvested by the subject machinery during 1963, but it is indicated between thirty and sixty thousand bales were cut. An experienced witness familiar with the operation of this type of machinery testified that because of the severe usage normally required that after it has cut five to ten thousand bales a machine should be completely overhauled, and this results from the need of operating the machine at different speeds, vibration, and from contact by certain parts of the machinery with the. *857 ground and foreign objects. Another factor influencing the trial court’s decision was ■evidence to the effect that the machinery had been operated without proper lubrication and normal mechanical attention.
Having carefully perused the record, we fail to find manifest error in the conclusions of law and fact which form the basis for the trial court’s opinion and approve the ■decree as rendered. Accordingly the judgment from which the defendant has appealed is affirmed at his costs.