FORET, Judge.
This is a suit for a reduction in the purchase price of a used school bus purchased by plaintiff from the defendant. The trial court rendered judgment in favor of the plaintiff in the amount of $574.11 (the cost of repairs), and defendant has appealed. We reverse.
The facts are that on November 18,1975, plaintiff purchased the school bus in question from the defendant. The vehicle was a Chevrolet, 1972 model, and at the time of sale the odometer showed that the vehicle *895 had been driven 67,111 miles. Two days later the school bus was delivered to plaintiff. On that same day, but a few hours after delivery, Myers returned the purchased vehicle to Southern and complained of an oil leakage and of a possible defect in the brakes. An employee of defendant operated the school bus and noticed no trouble in the brake system; however, he did not dismantle the brake drums. Plaintiff picked up his vehicle on the same day.
Four days later Myers again returned the school bus to Southern and made complaint concerning the brakes. This time the lining edge of the brakes was inspected, and the motor vehicle remained two days within the shop of the defendant.
On December 3, for the third time, plaintiff returned the school bus to Southern and complained that there was something wrong with the brake system. Again defendant kept the bus in its shop for two days. Myers was told that defendant’s mechanic had removed the covers and the hubs, checked the brake shoes through the portholes, and concluded that the brake shoes had forty to fifty per cent of wear left.
During the second week of February, 1976, after Myers had operated his school bus some forty-five days, and driven it 4,500 miles during that said forty-five days, the school bus stopped on the highway as a result of the lockage of the brakes, and Myers was required to locate other means of transportation for the school children who were in the bus at the time.
The record further reveals that during the some forty-five days in which plaintiff operated the school bus, he drove same for a total of approximately 4,500 miles, and that he made approximately ninety (90) starts and stops per day. At no time did the brakes fail until they locked during the second week in February, 1976. Further, the evidence reveals that for much of his school bus route, the plaintiff drove his bus on gravel roads which were wet much of the time because of winter weather. The evidence further reveals that such conditions are detrimental to, and can cause rapid deterioration of, brake shoes. ■
Plaintiff himself testified that he did not complain the brakes were not working, but rather that the “brakes did not feel right” (Tr., pg. 66), and that “it was operating fine than just for the soft brake pedal” (Tr., pg. 76). Myers finally agreed that he did not bring the bus back to Southern Bus Sales because he felt the guarantee had run out at the time the brakes failed (Tr., pg. 80).
The record reveals that the left rear brake shoes evidenced abnormal wear as a result of foreign material in the drums, and not as a result of mechanical failure. This abnormality is consistent with the theory of dirt and sand entering the left wheel and was further evidenced by the buildup of dirt, sand, and gravel found on the left rear wheel in examining Myers’ bus prior to trial.
Defendant contends that the trial court committed manifest errors:
1. In finding that a redhibitory defect in the brakes of the school bus existed at the time of the sale; and
2. In finding that no limited (thirty-day) guarantee existed as between Myers and Southern.
ISSUE OF A REDHIBITORY DEFECT
LSA-C.C. Art. 2520 provides as follows: “Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
LSA-C.C. Art. 2541 provides as follows: “Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price.”
Plaintiff herein has not sought a rescission of the sale under the provisions of C.C. Art. 2520, but rather a reduction in the purchase price under LSA-C.C. Art. 2541.
*896 Plaintiff has the burden of proof to establish that the alleged vice existed before the sale was made to him. In Langlinais v. Soileau, 58 So.2d 274 (La.App. 1 Cir. 1952), is found the following language:
“A buyer relying upon the redhibitory action must bear the burden of proof to establish the vice existed before the sale was made to him. Schexnayder v. Stansbury, La.App., 45 So.2d 545; Chas. A. Kaufman Co. v. Gillman, La.App., 142 So. 159; Womack v. Lafayette Furniture Co., Inc., La.App., 50 So.2d 843. These cases show Civil Code Article 2530 expressly places the burden of proof on the buyer, and the same rule applies even though a reduction of price is sought rather than a complete rescission of sale.” [1]
In Guillory v. Morein Motor Company, Inc., 322 So.2d 375 (La.App. 3 Cir., 1975), we stated as follows:
“While we agree with the trial judge that the same warranties of fitness do not apply to old and new cars alike, the thing sold must still be fit for its intended purpose. The purpose for which one purchases an automobile is that of transportation, be it a used or new vehicle.”
In Guillory the automobile purchased had over 95,000 miles on it at the time of purchase. The evidence showed that it broke down four times within the first month of ownership. In the instant case, while plaintiff did complain to defendant about something not right about the brakes, and this complaint was made within the three-day period contemplated under LSA-C.C. Art. 2530, nevertheless the bus continued to function for the purposes intended for a period of some eighty (80) days after the sale. In fact, the bus was used for approximately 4,500 miles with no trouble or difficulty except that the brakes felt “soft”. Nevertheless, plaintiff was able to stop the bus approximately 90 times per day for a period of about forty-five (45) days. We cannot say that the brakes were so defective, assuming arguendo that a defect did exist at the time of sale, that plaintiff would not have purchased same had he known of the defect, or its use was so inconvenient and imperfect that it must be supposed that plaintiff would not have purchased it had he known of the vice.
In our opinion, while the brakes may not have been perfect at the time of purchase, they were not so imperfect that the provisions of Articles 2520 or 2541 could be brought into play, and that we must suppose that the buyer would not have purchased the bus had he known of such imperfection.
For the various facts mentioned in our summary of the evidence hereinabove set forth, we find that the defendant has effectively rebutted the presumption of any mechanical defect existing at the time of the sale. Further, defendant has convincingly shown that the bus and its brakes were in reasonably sound operating condition at the time of the sale, and that the brake stoppage in the early part of February, some eighty days after the sale, was due to abnormal wear and tear and continued usage of the bus under adverse conditions (wet gravel roads, etc.) such as to culminate in wearage of the brake shoes to a point where they were no longer functionable.
We are of the opinion that to hold otherwise would place an almost impossible obligation upon the sellers of used cars and trucks, and this we are not willing to do under the particular facts presented in the case at bar. It should be observed that plaintiff herein trusted the safety of the brakes on his bus to such an extent that he did not discontinue transporting forty-four school children back and forth to school for a period of some forty-five days prior to the brake failure. We cannot help but conclude that had the plaintiff believed the brakes to be so defective as to be dangerous, he would have discontinued the transportation of these school children under such circumstances.
*897 Having found that no redhibitory defect existed at the time of the sale, and having found that the final wearing down of the brake shoes was due to conditions other than a mechanical defect or failure, we need not address ourselves as to whether or not a limited warranty of no more than thirty days existed by agreement between plaintiff and defendant.
For the foregoing reasons, we conclude that the trial court committed manifest error in finding that a redhibitory defect existed at the time of the sale, and accordingly, we reverse the trial court and render judgment in favor of defendant, Southern Bus Sales, dismissing plaintiff’s suit.
All costs of this appeal are to be assessed against the plaintiff-appellee, Henry W. Myers.
REVERSED AND RENDERED.

. LSA-C.C. Art. 2530 provides that: “The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appear-anee within three days immediately following the sale, it is presumed to have existed before the sale.”