GUIDRY, Judge.
Plaintiffs, Thomas E. and Frances Oliver, instituted this action in redhibition, seeking to rescind the sale of a 1985 Plymouth Horizon automobile or, alternatively, to obtain a reduction of the purchase price. Made defendants were Chrysler Corporation (Chrysler), the manufacturer of the vehicle, and Coleman Chrysler-Plymouth-Dodge, Inc. (Coleman), the vendor of the automobile. Coleman filed a cross-claim against Chrysler seeking indemnification for any liability imposed upon it, along with reasonable attorney’s fees. The trial court rendered judgment in favor of plaintiffs and against the defendants, in solido, rescinding the sale and ordering a return to plaintiffs of the purchase price, subject to a set-off of $3,877.02 for the use and benefit which the plaintiffs had derived from the automobile.[1] The judgment also awarded plaintiffs attorney’s fees in the amount of $2,000.00. Judgment was also rendered in favor of Coleman and against Chrysler for indemnification plus attorney’s fees in the amount of $2,000.00. Chrysler was cast with all costs.
Chrysler perfected this suspensive appeal, urging the following errors:
1. The trial court erred in finding that the automobile in question still had a leak at the time of trial.
2. The trial court erred in granting a rescission of the sale.
3. The trial court erred in granting judgment in favor of Coleman for indemnity and attorney’s fees.
4. The trial, court erred in its award of attorney’s fees to plaintiffs.
FACTS
On August 17, 1984, Thomas and Frances Oliver purchased a new 1985 Plymouth 4-door Horizon from Coleman in Natchi-toches, Louisiana, for a total price of $11,-147.04. About two months following the purchase and after a heavy rain, Frances, the principal driver of the Horizon, noticed an accumulation of water on the right front side of the vehicle. The Horizon was taken to Coleman’s for correction of this problem. Coleman kept the car for one day and then returned it to the Olivers. A month later, again after a heavy rainfall, Frances noticed an accumulation of water in the car.[2] The Horizon was brought back to Coleman’s for repair, but to no avail. The vehicle was again brought to Coleman’s on January 18, 1985 for a third attempt at repair. Following this attempt at repair, *1322 Frances continued to experience the same leakage problems. The Olivers then contacted their attorney.
On May 29, 1985, Joseph A. Briglia, the district manager for Chrysler, inspected the Olivers’ Horizon. Following a water leak test, Briglia found a leak in the right front panel. Pursuant to Briglia’s instructions, the Horizon was sent for repair to Caldwell’s Trim Shop in Shreveport. Brig-lia conducted another inspection of the vehicle in July of 1985, finding no leaks and no indication that the car had leaked since its repair in May. No further inspections or repairs were conducted by either Coleman or Chrysler.
At trial, Frances and Thomas testified that despite the many attempts at repair, the Horizon continued to leak whenever it rained. Frances stated that in October of 1985, following the heavy rains brought on by Hurricane Juan, there was from one-half to one inch of water accumulated on the front right floorboard of the car. She explained that when she drove the vehicle, the water rushed from the front to the back portion of her car. The Olivers both testified at trial that had they known of this defect, they would not have purchased the car. It was stipulated at trial that on the date of trial, the Horizon had an odometer reading of 18,462 miles.
LIABILITY OF DEFENDANTS IN REDHIBITION
La.C.C. art. 2520 defines redhibition as follows:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
To prevail in an action for redhibition, the vendee must establish that the defect existed at the time of purchase, but was neither known or apparent to him. He must also prove that the thing sold is absolutely useless for its intended purpose or that its use is so inconvenient that it must be supposed that the vendee would not have made the purchase had he known of the defect. Dickerson v. Begnaud Motors, Inc., 446 So.2d 536 (La.App. 3rd Cir.1984), writ denied, 449 So.2d 1349 (La.1984); Washington v. Morein Motor Co., Inc., 488 So.2d 325 (La.App. 3rd Cir.1986).
In his written reasons for judgment, the trial judge stated:
“The evidence taken at the trial of this matter convinced the court that the automobile leaked from the time of purchase and that despite numerous good faith attempts by the seller, by the manufacturer and by an expert leak repairman recommended by the manufacturer, the automobile still leaks. The leak is not simply a pesky leak but a serious leak which fills the right front floor board with enough water to permit overflow to spread to the entire floor of the vehicle. This leak has had the continued attention of several well qualified auto service people and yet it still exists. Coleman Chrysler’s service manager holds a degree in agriculture and mechanics and has over 30 years of auto experience, and a well trained staff of mechanics, and he couldn’t make it quit leaking. Chrysler Corporation’s factory representative holds a degree in marketing and is obviously intelligent and well versed on Chrysler products and he, likewise, couldn’t make it quit leaking. The factory man or the dealer, or perhaps both, then decided the problem was too tough for them and called in an outside expert, Lester Caldwell. Mr. Caldwell operates Caldwell’s Auto Trim and Glass Service in Shreveport and the vehicle was transported to that city for him to attempt repairs. He was also unsuccessful and the Olivers continued to find their car full of water after every rain.”
The learned trial judge then concluded that the use of the automobile was so inconvenient that plaintiffs would not have purchased it had they known of this defect.
*1323 In its first assignment of error, appellant urges error in the trial court’s factual finding that the car continued to leak after the May repairs. As aforestated, Frances and Thomas Oliver testified that despite the attempted repairs by Coleman, Chrysler and Lester Caldwell, the automobile continued to leak. The only evidence presented by Chrysler to contradict these statements was the testimony of Joseph Briglia who stated that in July, 1985, he inspected and water tested the vehicle and found no evidence of a water leak.
It is settled that an appellate court may not disturb the trial court’s evaluations of credibility and factual determinations unless the record clearly reveals that the trial court’s decision is manifestly erroneous or clearly wrong. Our careful review of the record reveals no clear error in the trial court’s determination in this regard.
Chrysler next contends that the trial court erred in granting the Olivers a rescission of the sale as opposed to a diminution in price. In support of this argument, appellant urges that the leak did not make the Horizon absolutely useless or so inconvenient as to warrant a rescission of the sale. Appellant suggests that, since the Olivers put over 18,000 miles on the vehicle and the leaking problem existed only during times of inclement weather, the trial court should have simply allowed plaintiffs a diminution in price.
A defect is redhibitory if same renders the thing sold either absolutely useless or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the defect. La.C.C. art. 2520. It is clear that the water leak did not render the Horizon absolutely useless. Frances was not deprived of the use of the vehicle on account of the leak although her use of the vehicle in inclement weather was extremely uncomfortable and inconvenient. She drove the car to work on a daily basis. Although the statements of the Olivers, that they would not have purchased the car had they known of the leakage problem, are self-serving, common sense dictates that no reasonable consumer would purchase an automobile which leaks profusely in inclement weather, especially considering the frequency and magnitude of the rains which residents of Louisiana experience each year. In our view, the trial court did not clearly err when it concluded that the unrepairable leak in the Olivers’ Horizon rendered its use so inconvenient as to warrant rescission.
Appellant next argues that, since the Oli-vers’ Horizon was involved in an automobile accident just prior to trial, it would be inequitable to rescind the sale and require Chrysler to take possession of a damaged vehicle. It was conceded that the Horizon was involved in an automobile accident approximately one to one and one-half months prior to trial and that the vehicle was at a repair shop being repaired at the time of trial. No evidence was introduced regarding the extent of the damage occasioned to the vehicle nor the expected cost of repair. Frances simply stated that someone had run a stop sign and “bashed into the side of my car”.
It is well settled that in an action in redhibition, the purchaser is not entitled to a rescission of the sale and recovery of the purchase price unless he is in a position to return the purchased item in substantially the same condition as when sold, ordinary wear and tear excepted. Vance v. Emerson, 420 So.2d 1032 (La.App. 5th Cir.1982); Dougherty v. Petrere, 240 La. 287, 123 So.2d 60 (1960).
Although the trial court did allow defendants a credit for plaintiffs’ use of the automobile, there was no allowance to defendants for the amount necessary to restore the Horizon to its condition prior to the aforementioned accident. The record does not reflect the extent of the damage to the Horizon or the amount necessary to restore such vehicle to its pre-accident condition. The trial judge makes no mention of this circumstance either in his written reasons or in the judgment appealed from. *1324 Although plaintiffs are entitled to rescission and a return of the price paid, less the set-off allowed defendants for plaintiffs’ use of the vehicle, their rights in this regard are subject to a return of the Horizon to defendants in its pre-accident condition. We will amend the trial court judgment accordingly.[3]
INDEMNIFICATION OF COLEMAN
Chrysler urges that the trial court erred in rendering judgment against it for indemnification and attorney’s fees in favor of Coleman.
Under La.C.C. art. 2531, a seller is granted the right to recover from the manufacturer any losses sustained as a result of the seller’s liability in redhibition cases. However, this right is not unconditional. Indemnification has been denied the seller where the loss is caused by his own fault or where the seller failed to remedy easily repairable defects. Leonard v. Daigle Pontiac-Buick-GMC, Inc., 413 So.2d 577 (La.App. 1st Cir.1982); Cefalu v. Leon Pickard Chevrolet, Inc., 428 So.2d 1063 (La.App. 1st Cir.1983).
Chrysler first contends that it sent Coleman a service bulletin regarding leaks in this particular make vehicle, and therefore, Coleman was not a “good faith” seller as required by La.C.C. art. 2531. There was no evidence to support the fact that Coleman ever received such a bulletin, or for that matter, that such a bulletin ever existed. This contention is totally unsubstantiated and clearly without merit. The argument does, however, corroborate the trial court’s finding that the leak was present in the automobile prior to its arrival at the Coleman dealership.
Appellant next argues that, since the leak was easily repaired by Lester Caldwell at the relatively minimal cost of $102.50, Coleman should be precluded from indemnification. Although Coleman did make several unsuccessful attempts at repair in the instant case, the trial judge found that the repair initiated by Chrysler was likewise unsuccessful. We affirm this finding and find no merit in this contention.
ATTORNEY’S FEES
Appellant’s final argument is that the trial court's award of attorney’s fees to plaintiffs and Coleman in the amounts of $2,000.00 each was excessive. Appellant argues that the instant case did not present a novel legal issue, did not involve a large sum of money and did not require a large expenditure of time insofar as trial preparation was concerned. Therefore, Chrysler suggests that the awards be reduced to $1,000.00 each.
Our careful review of the record in this case reveals no clear abuse of the great discretion allowed the trial court in framing an award of attorney’s fees.
DECREE
For the above and foregoing reasons, the judgment of the trial court in favor of plaintiffs and against defendants is amended to order a return by plaintiffs of the 1985 Plymouth Horizon automobile to defendants, Coleman Chrysler-Plymouth-Dodge, Inc. and Chrysler Corporation, in its pre-accident condition. As thus amended, and in all other respects, the judgment is affirmed. Chrysler Corporation is cast for all costs of this appeal.
AFFIRMED AS AMENDED.

. The set-off allowed by the trial court was calculated by crediting twenty-one cents per mile for the 18,462 miles registered on the vehicle’s odometer at the time of trial.

. Frances noticed the leakage primarily when she got in her car to go to work. The Olivers did not have a garage in which to store the Horizon and so it was parked outside of their home.

. We consider this procedure preferable to a remand for determination of the extent of damages and cost of repair.